that his mind was enfeebled by physical ailment, and the will was prepared by an experienced attorney, and read to testator before execution, there is no presumption of undue influence, though testator's property is left to his nephew, with whom he was on intimate terms, and who had advised testator, an old man, in his business, instead of to testator's son.

On motion to deny probate of an alleged will of Edward D. Phyfe, deceased.

*Gustavus Baylies*, for proponent.  *Stewart & Sheldon*, for contestant.

RANSOM, S.  This matter comes before me on a motion made by contestant's counsel before the assistant to the surrogate, before whom the proceeding is being conducted, to deny probate of the paper offered as the will, on the ground that, under the proofs, the legal presumption arises of undue influence exerted by a nephew, the sole legatee, in the procurement of its execution. The instrument is contested by the guardian of the decedent's son, the only next of kin, upon the usual allegations.  It was drafted by an experienced attorney from instructions given by the decedent, and was read to him before execution.  The two subscribing witnesses are intelligent men, and their testimony shows that the requirements of the statute were complied with.  One had known the decedent for many years, and the other met him on the occasion for the first time.  The attorney superintended the execution of the instrument, and he also testified to the facts that transpired when the paper was signed.  The physician who attended the decedent for an attack of acute dyspepsia in August, 1888, about the period when the will was made, testified that he was of sound mind.  The decedent was an old man, and the nephew appears to have been on very intimate terms with him, and had advised with him in his business affairs.  It was he who obtained the presence of the subscribing witnesses.  There is nothing shown in the relation of the parties to raise the presumption of undue influence in the procurement of the paper, and the concurrent testimony of all the witnesses is that the decedent was of sound mind, and it is not shown that his temporary physical ailment had enfeebled his mental powers.  He lived for nearly two years thereafter. It is not a case where the beneficiary was the attorney, the physician, or the priest of the decedent.  He was a nephew, the son of his brother.  While it is apparently unnatural that the estate should be diverted by the decedent from his son to his nephew, I see nothing in the evidence to justify the presumption of the domination of the mind of the decedent by the beneficiary.

The motion is denied, and the contestant must sustain his allegations by affirmative proofs.

---

## *In re* OGG'S ESTATE.

### *(Surrogate's Court, New York County.  December 29, 1888.)*

GUARDIAN AND WARD—MAINTENANCE—POWER OF SURROGATE.

On petition by a mother of an infant for an order directing the guardian to pay to her a certain sum for such infant's past and future support, where the guardian files an affidavit in support of the petition, the surrogate has power to make an allowance for the infant's past, as well as its future, maintenance.

Application by Sarah D. Williams, mother of Theodore Frank Ogg, a minor, for an order directing the guardian of said minor's estate to pay petitioner a certain sum for the minor's past and future maintenance.  The application was referred, and the petitioner excepts to the referee's report.

*George Hill*, for petitioner.

RANSOM, S.  Sarah D. Williams, the mother and natural guardian of the above-named infant, heretofore petitioned this court for an order directing the guardian of the estate of said infant to pay over to her, out of the principal thereof, a certain sum for past and future maintenance.  The guardian

of the estate filed with the petition an affidavit corroborating the statements of fact therein contained, and joined in the request that the prayer of the petition be granted. The infant, who is 19 years of age, filed a similar affidavit. The matter was sent to a referee to take proof of the facts and circumstances set forth in the petition, and report whether or not the prayer thereof should be granted. This report has been filed, in which he finds that that part of the petition may be considered, and should be granted, which prays for a weekly allowance to the infant's mother during his minority, or, in other words, for future maintenance; but that part of the application relating to reimbursements for expenditures made by Mrs. Williams in the past, for past maintenance, should be denied. To this last finding the petitioner has excepted.

The position taken by the learned referee in his opinion—that the surrogate has no jurisdiction in this proceeding to make an allowance for past maintenance—is erroneous. Where a mother of certain infants entitled to the principal of a sum of money on her death presented her petition praying for an order that a portion of the principal belonging to the infants should be applied to reimburse her for their past maintenance, and to discharge expenses necessarily incurred by her for that purpose, and also to provide for their maintenance in the future, both applications were granted by the chancellor. *In re Bostwick*, 4 Johns. Ch. 105. The court of appeals held, in *Hyland* v. *Baxter*, 98 N. Y. 610, that an allowance for past maintenance may be made to executors, trustees, or guardians upon an accounting or upon petition. See, also, cases cited at page 615. Judge ANDREWS, writing the opinion, cites, as authority for the position, *In re Bostwick, supra.* The case of *Welch* v. *Gallagher*, 2 Dem. Sur. 40, cited by the referee, is not in point. There, the claim of the mother for past maintenance was disputed by the general guardian. In the case at bar, the application, although in form that of the mother, may, as found by the referee, be considered as that of the guardian of the estate.

The exception is sustained. Let an order be presented referring back the matter to the referee, who will report what allowance should be made for past maintenance.

---

### *In re* DE BAUM'S WILL.

*(Surrogate's Court, New York County. January 9, 1889.)*

WITNESS—COMPETENCY—TRANSACTIONS WITH DECEDENTS.

Code Civil Proc. N. Y. § 829, providing that a party interested in the event of a special proceeding shall not be examined as a witness on his own behalf against the executor, etc., of a deceased person, or a person deriving title through the deceased person, concerning a personal transaction or communication between the witness and the deceased person, does not render the contestant of a will, who is the next of kin of testator, incompetent to testify in his own behalf, to a conversation had since testator's death with the residuary legatee, who was the proponent of the will, but who has died pending the contest, which is still carried on between the contestant and the personal representatives of said legatee.

The will of Haussman De Baum was offered by his wife for probate, and contested by his sons. Pending the contest the wife died, and the contest was carried on by her personal representative.

*George R. Chase*, for petitioner. *Fullerton & Rushmore*, for contestant. *James D. Fessenden*, for Charles De Baum, a person of unsound mind.

RANSOM, S. In this proceeding the decedent and his wife, on the same day, made wills, by which, after giving small bequests to two sons of the decedent by his first wife, gave to the other the residue of the property of each. The husband died, and objections were filed in behalf of the two sons. Pending the contest the wife died. The probate of the instrument is sought in behalf of her legal representatives. Contestant's counsel offered to prove a conver-