CHARLES S. WHITCOMB, Respondent, *v.* FLYNN WHITCOMB, as Executor, etc., of SAMUEL WHITCOMB, Deceased, Appellant.

IDA S. WHITCOMB, Respondent, *v.* SAME, Appellant.

*Contracts — promise by a grandfather to provide by will for his grandchild — privity between the mother (the promisee) and the child — effect of the recovery of a judgment for alimony after a promise to make no further demands upon a husband — costs on a reference of a disputed claim.*

Upon the trial of a reference of a disputed claim against the estate of one Samuel Whitcomb, it appeared that the plaintiff was a child of Truman H. Whitcomb and Eleanor J. Whitcomb, and that Samuel Whitcomb was his grandfather; that an agreement was entered into between these three persons by which Samuel Whitcomb agreed to pay to the grandchild a certain sum of money by a provision in his will, and Eleanor J. Whitcomb, who at this time had begun an action for a divorce, agreed on her part to prosecute such action, and also that if the stipulations of the contract were faithfully carried out she would make no further demands upon her husband. The agreement also provided that she should have the custody of the children of the marriage, and that certain provisions should be made by her husband for her and her children.

It appeared that she subsequently obtained a divorce and was allowed alimony; that she had not enforced the judgment for alimony, but she accepted the notes of her husband after the judgment was recovered as payment upon the agreement to make provision for her, and promised that if the notes were paid she would not enforce the judgment for alimony. Samuel Whitcomb made no provision for the plaintiff by his will.

*Held*, that the plaintiff was entitled to enforce against his grandfather's estate the promise made to his mother, who in receiving the agreement from Whitcomb might be deemed to have acted in behalf of the plaintiff;

That there was a sufficient privity between the promisee and the plaintiff, the third person, as the promise was made with a view to aid the mother in the support and maintenance of the child;

That the mother had not by the recovery of the judgment for alimony violated the provision of the agreement, that, if the agreement was performed, she would make no further demands upon her husband, as it did not follow that

because she had recovered such a judgment she must, therefore, enforce it, nor did it appear that she had enforced it;

That costs against an executor upon the reference of a disputed claim were to be given under section 2718 of the Code of Civil Procedure, and were wholly dependent upon a certificate of the referee that the payment of the claim had been unreasonably resisted or neglected, and that where no such certificate was given no costs could be recovered.

APPEAL by the defendant in each of the above-entitled actions from judgments of the Supreme Court in favor of the respective plaintiffs, entered in the office of the clerk of the county of Monroe on the 24th day of April, 1895, upon the report of a referee.

*George A. Benton,* for the appellant.

*W. H. Whiting,* for the respondents.

BRADLEY, J. :

The plaintiffs in the two actions were the children of Truman H. Whitcomb and Eleanor J. Whitcomb, his wife, and the defendant's testator, Samuel Whitcomb, was the grandfather of the plaintiffs. This action was brought upon an agreement in writing entered into in 1879 between Truman H. Whitcomb of the first part, Eleanor J. Whitcomb of the second part and the defendant's testator of the third part, whereby the latter agreed at his death to pay or cause to be paid to each of those grandchildren the sum of $1,000, and to provide by his last will and testament for the payment thereof, but in case $2,000 should exceed one-half of his estate at the time of his death, one-half only of the amount of his estate should be paid to them. By the agreement it was also provided that Eleanor, the wife, should have the custody of the two children, who were minors, and that certain provisions should be made by Truman H. Whitcomb for her and for the children.

The defendant's testator, by his will, gave nothing to those grandchildren.

It is urged on the part of the defendant that the testator, by his agreement to do so, assumed no legal obligation to make in his will any provision for them because there was no personal liability of the mother to them. She, by the agreement, having the custody of the plaintiffs, then infants, assumed to take care of them, and such agreement of the testator may be deemed to have been one of the

considerations for her undertaking. In view of the relation of Mrs. Whitcomb to the children, her duty to them arising from it, and of the fact that she proceeded in its performance on the faith of the provisions of the agreement, the promise of the testator would seem to come within the doctrine of *Lawrence* v. *Fox* (20 N. Y. 268) and kindred cases.

This is not inconsistent with the legal proposition that a promise to pay an existing obligation of another is not effectual to charge the promisor where there is no liability of the promisee to pay it, and the persons entitled to receive its payment and liable to pay it are strangers to the promise. (*Vrooman* v. *Turner*, 69 N. Y. 280.) In such case there is no privity between the promisee and the person who is entitled to the payment of the obligation. The support of a promise made by one person to another for the benefit of a third person requires no privity between the promisor and him for whose benefit it is made, but between the latter and the promisee privity is essential in so far that some duty is owing by the promisee to the person to be benefited by the promise or some reciprocal duties are undertaken or assumed by them in respect to which the promise may have some beneficial relation. Such as before suggested was the relation between the mother and the plaintiffs, and in taking the agreement of the defendant's testator she may be deemed to have acted in their behalf. As the promise was made with a view to aid in the support and maintenance of those children, it was within reasonable contemplation that the mother might be entitled to reimbursement from the fund for supplying the means necessary for such purpose. (*Matter of Bostwick*, 4 Johns. Ch. 100; *Wilkes* v. *Rogers*, 6 Johns. 566; *Voessing* v. *Voessing*, 4 Redf. 360; *Matter of Ogg*, 1 Connoly, 10.)

The promise of the defendant's testator was not only made for the benefit of the plaintiffs, but was one to pay them respectively the specified amounts in the manner mentioned. It was founded upon a good consideration. By his default a right of action accrued to each of the plaintiffs, and they were entitled to recover unless some further reason appears to defeat the actions. (*Todd* v. *Weber*, 95 N. Y. 181; *Rector, etc.*, v. *Teed*, 120 id. 583.)

It is contended by the learned counsel for the defendant that the plaintiffs were denied the right of action on the promise by the failure

of the mother to observe and perform the provisions of the agreement in that she agreed to proceed with the prosecution of the action then pending for a divorce, and that if the stipulations of the contract were faithfully carried out she would make no further demands upon Truman H. Whitcomb. It is true that the agreement contained those provisions. An action brought by her for divorce was then pending, and it was contemplated that she would proceed to judgment. She did this by a new action commenced for such purpose, in which were alleged further facts in its support. This substantially accomplished the object which the parties had in view by that provision of the contract. But because she took by that judgment direction for payment by Truman H. Whitcomb of a certain sum for alimony it is urged that she violated the provision not to make further demands upon him. The recovery itself had no significance contrary to that provision because she was not required to make it available, and it cannot be assumed that she would if he faithfully performed what he undertook by the contract. Nor did she use the judgment to defeat the effect of any provision of the agreement, but after its recovery she accepted from him his notes for certain amounts in discharge of his further obligation upon the contract, and undertook in case they were paid not to enforce such direction in the judgment so recovered against him. This precautionary provision of the judgment and the consequence of it, therefore, constituted no substantial violation on the part of Mrs. Whitcomb of the contract. No opportunity on that account was furnished to the defendant's testator to assert relief from his promise in question. Nor does any other reason appear to relieve him from liability upon it.

The final conclusion of law in the referee's report was the direction of judgment against the defendant, with costs; exception was filed to the award of costs.

Upon the entry of the order of reference the proceedings became actions in the Supreme Court, and the determination of the question of costs is governed by the provisions of the statute relating to costs in an action brought in such court against executors or administrators in their representative capacity in which recovery is had against them. (Code Civ. Proc. § 2718.)

The plaintiffs' right to recover costs against the defendant was

dependent upon a certificate of the referee that the payment of the claims was unreasonably resisted or neglected. (Id. §§ 1835, 1836.) No such certificate was made, and, therefore, no right to recover costs appears. (*Matson* v. *Abbey,* 141 N. Y. 179.)

We think, nevertheless, that the plaintiffs should be allowed to recover their disbursements.

The judgments should be modified by striking out the award of costs and inserting the amount of disbursements as such, and as so modified the judgments should be affirmed, with costs of one of these appeals payable out of the estate.

Lewis and Ward, JJ., concurred.

In the first above-entitled action judgment modified by striking out the award of costs, and inserting the amount of disbursements as such, and as so modified affirmed, with costs of the appeal payable out of the estate.

In the second above-entitled action judgment modified by striking out the award of costs, and inserting the amount of disbursements as such, and as so modified affirmed, without costs of this appeal.