ANDERSON v. McCANN.

(Supreme Court, Appellate Division, First Department. February 19, 1897.)

EXECUTORS—LIABILITY FOR COSTS—UNREASONABLY RESISTING CLAIM.
    A claim against an estate was not "unreasonably resisted" (Code Civ. Proc.
§ 1836), so as to justify an award of costs against an executor, where he con-
tested it before a referee, and had it reduced from $615 to $321, and there was
no foundation for the whole of the award which was actually made.

Appeal from judgment on report of referee.

Claim by Ellen Anderson against Thomas H. McCann, as executor
of Margaret Haggerty, deceased, for services rendered deceased dur-
ing her lifetime. There was a judgment for plaintiff, and defendant
appeals. Modified.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY,
WILLIAMS, and PATTERSON, JJ.

Michael T. Sharkey, for appellant.
William C. Arnold, for respondent.

RUMSEY, J. The claim was made for services rendered to Mrs.
Haggerty during her lifetime. Two kinds of services were claimed
to have been rendered. The first was housework done for the tes-
tatrix between the 1st of June, 1892, and the 1st of January, 1895,
for which the referee allowed the plaintiff $195. The next was for
nursing the testatrix in her last sickness, between the 1st of Janu-
ary, 1895, and the 6th of March, 1895, for which the referee allowed
the plaintiff $126. Judgment was entered upon the referee's report
for the amount allowed, and costs and disbursements. The case
shows nothing from which the referee was justified in finding the
value of the services rendered by the plaintiff to Mrs. Haggerty for
housework to be $195. It is entirely silent as to the value of such
services, and there is no sufficient evidence to enable the referee to
fix accurately the amount of services rendered. For these reasons
his finding in that regard was entirely unwarranted by the evidence,
and cannot be sustained. There was perhaps evidence enough to
warrant his fixing the value of the services rendered for nursing at
$126, and to that extent his report may stand, if the plaintiff shall
desire. But the award of costs against the defendant was entirely
improper, because it is quite clear that a claim which is reduced
from $615 to $321 upon the hearing cannot be said to be "unrea-
sonably resisted." This would be so even if the referee had been
correct in awarding to the plaintiff all that he did award to her.
Much more is it the fact when it is made to appear, as it does, that
there was no foundation for the whole of the award which he ac-
tually made.

The judgment, therefore, cannot stand in its present condition;
but as, from the testimony, it appears that the plaintiff may not be
able, upon the new trial, to make any greater proof than she has
already made as to the value of the services rendered by her for
housework, it may be that justice can be done in the case without
the reversal of the entire judgment. To that end, we shall direct

that the judgment shall be reversed, and a new trial ordered, with costs to the appellant to abide the event, unless the plaintiff shall stipulate that the judgment may be reduced to the sum of $126, with interest from March 6, 1895, with the referee's fees and disbursements; and, if she shall so stipulate, then the judgment, as so modified, shall be affirmed, without costs to either party in this court. All concur.