(47 App. Div. 33.)

In re RAAB'S ESTATE.

KUHN v. HERRLICH.

(Supreme Court, Appellate Division, First Department. January 19, 1900.)

1. DECEDENTS' ESTATES—CLAIMS—REFERENCE—COSTS.
    In a proceeding to establish a claim against a decedent's estate, referred by agreement, after disallowance by the executor, the referee has no authority to allow costs against the executor, on allowance of the claim, where he does not also certify that payment of the claim was unreasonably resisted or neglected, as provided in Code Civ. Proc. §§ 1835, 1836, 2718.

2. SAME—UNREASONABLE RESISTANCE.
    Where it is shown that one presenting a claim against a decedent's estate did not assert such claim during the lifetime of the testator, and the amount allowed by the referee, to whom it was submitted, by agreement, after disallowance by the executor, is a material reduction of the claim disallowed by the executor, the referee cannot properly certify that the payment of the claim was unreasonably resisted by the executor.

Appeal from judgment on report of referee.

Proceeding by Carrie Kuhn against Charles Herrlich, as executor, to establish a claim against the estate of Rosa Raab. From a judgment in favor of claimant, the executor appeals. Modified.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

George M. S. Schulz, for appellant.
Thomas E. Murray, for respondent.

BARRETT, J. This was a proceeding under section 2718 of the Code of Civil Procedure, brought by Carrie Kuhn to recover for personal services rendered to Rosa Raab, deceased. Mrs. Raab's executor rejected the claim, and thereupon it was referred, by agreement and order, to a referee to hear and determine. We have gone

over the evidence adduced before the referee, and we think it justified him in finding, as he did, that the services specified in the claim were rendered, and that they were so rendered with the expectation and upon the understanding that Mrs. Raab would compensate Mrs. Kuhn therefor. The circumstances under which the services were rendered were such as to warrant the implication of a promise to pay the claimant their reasonable value. The questions upon this head, both of fact and law, were carefully considered by the referee, and we see nothing in his opinion upon the merits which calls for criticism. We think, however, that his certificate allowing costs against the executor was unwarranted. Costs can be allowed against an executor in such a proceeding as this only when the referee certifies that the payment of the claim was unreasonably resisted or neglected. Code Civ. Proc. §§ 1835, 1836, 2718; Whitcomb v. Whitcomb, 92 Hun, 443, 36 N. Y. Supp. 607, citing Matson v. Abbey, 141 N. Y. 179, 36 N. E. 11. No such certificate was given here; nor could the referee have properly so certified, for the claim, when and as presented to the executor, was certainly a doubtful one. Mrs. Kuhn apparently made no request for payment during Mrs. Raab's lifetime, and her original demand upon the executor was materially reduced, namely, from $1,300 to $992.50. Anderson v. McCann, 14 App. Div. 365, 43 N. Y. Supp. 956; Ryan v. McElroy, 15 App. Div. 216, 44 N. Y. Supp. 196. It is conceded that the disbursements were properly allowed.

The judgment should accordingly be modified by striking out the allowance of costs, and as modified affirmed, without costs of this appeal. All concur.