Bradley *v.* Burwell.

---

BRADLEY *vs.* BURWELL and another, executors of Gould.

Costs can not be given against an executor or administrator where the claim was not presented within the time required by law after the publication of notice to creditors to present their claims, though the demand arose after that period had expired.

COSTS against executors.  In January, 1832, the plaintiff and the testator became sureties in a bond that one Smith should faithfully perform his trust as a general guardian for one Fuller, an infant.  In August, 1834, the testator died, and the defendants soon afterwards obtained letters testamentary, and gave the notice provided for by the statute requiring all persons having claims to present the same within six months.  The six months expired in 1835.  In February, 1843, it was ascertained and determined that the guardian was in default; and a suit on the bond was soon afterwards commenced by the infant against the guardian and the plaintiff as survivors of the intestate ; and in November, 1843, judgment was recovered in that action for $2,347,55.  The plaintiff, having paid the judgment, brought this action for contribution, and judgment has been rendered in his favor for one half of the above amount.  Before commencing

the action, the plaintiff presented the claim to the executors, and requested them either to pay or refer, but they refused to do either. They had assets then, and have still.

*E. S. Capron*, for the plaintiff, moved for costs, to be levied of the property of the testator.

*N. Hill Jr.*, for the defendants.

*By the Court*, Bronson, Ch. J. It has been said, though it was not then necessary to decide the question, that the creditor can never recover costs where the claim was not presented to the executor within the running of the six months' notice. (*Bullock* v. *Bogardus*, 1 *Denio*, 276.) In this case the claim was not presented within the six months, nor until more than seven years had elapsed, for the obvious reason that until the plaintiff paid the money in 1843 he had no claim to present. He was only a co-surety with the testator in a bond upon which a right of action might never arise against any one. Does the statute apply to such a case, which could hardly have been in the mind of the lawmakers? There is force in the argument of the plaintiff's counsel, that the notice is addressed to " *creditors*," or " persons *having claims* against the deceased;" (2 *R. S.* 88, § 34;) and as the plaintiff was not a creditor, and had no claim at that time, he does not fall within the influence of the 41st section, which regulates the recovery of costs: and if the case is not within that section, it then comes under the general provision for costs in all cases where debt or damages are recovered. (2 *R. S.* 613, §§ 4, 5; *id.* 618, § 37.) But we think the language of the 41st section is too broad to be got over. It provides, that no costs shall be recovered against executors in any suit at law, " unless it shall appear that the demand on which the action was founded, was presented within the time aforesaid." There are no qualifying words; and we cannot make an exception, however probable it may be that an exception would have been made had a case like this been thought of by the lawmakers.

                           Motion denied.