## SUPREME COURT.

### CRUIKSHANK agt. CRUIKSHANK.

A claim against an estate of $1,000 is not unreasonably resisted by the administrator where, on the trial, it has been reduced to $350.

To entitle a party to costs of a trial against an estatu, or an executor or administrator, on the ground that they refused to refer, it must appear that an *account* or *some claim* against the estate, which could be supported by vouchers and affidavits, was presented to the executor or administrator before refusal to refer. A general vague demand of a gross sum is not sufficient.

*Oswego Special Term, June,* 1854.

CHARLES H. DOOLITTLE, *for Motion.*
MR. COBURN, *Opposed.*

BACON, Justice. There are in the affidavits presented on this motion a good many conflicting statements, but in the view

Cruikshank agt. Cruikshank.

I take of the matter it will hardly be necessary to attempt to remodel them, were such a thing practicable. There are only two grounds upon which, in a suit against an executor or administrator, costs are recoverable, either personally or chargeable upon the estate. 1st. When the claim has been presented and it has been unreasonably resisted or neglected. 2d. When there has been a refusal to refer, the claim being disputed. (1 *Denio*, 276.) In this case the amount demanded was $1,000, and the amount recovered was $350. This shows that it was not unreasonably resisted. (Same case, and Comstock agt. Olmstead, 6 *How.* 77.)

But I am of opinion that the claim has never been presented to the administratrix in any such way as to require her to act and subject the estate to costs consequent upon its rejection and a refusal to refer. The statute contemplates the presentment of an account, or some claim which may be supported by vouchers, and, if required, by the affidavit of the party presenting it. (2 *R. S.* 152, § 38.) Nothing in the shape of a claim was presented at any time, but a general and vague demand for $1,000, and the most that occurred on the subject of the demand and the negotiations in regard to it, was long before the defendant was appointed administratrix on the estate of the decedent. She was appointed administratix on the 19th July, 1853. After this it is not claimed on the part of plaintiff that there was any presentment of a demand, or any thing in the nature of an account; but immediate application was made to an agent of the defendant to refer the plaintiff's claim. An opportunity was desired on behalf of the defendant to consult with counsel, which was assented to. The counsel for plaintiff swears that the next morning the agent saw him and declined to refer. This the agent denies, but avers that he was willing to refer if they could agree upon the proper parties. I think it fair to assume, however, that he was understood to decline a reference, for the attorney immediately and the same day (July 20) commenced the suit. In this I think the plaintiff was premature. I think a claim in the shape of an account of some kind should have been presented to the administratrix and duly demanded,

and an opportunity have been given for its examination, unless it had been promptly and peremptorily rejected, before the estate was subjected to the penalty of costs for declining to refer. (See the case of Knapp agt. Cotes, 6 *Hill,* 386.)

The failure of the various attempts to arbitrate prior to the granting of letters of administration to defendant amounted to nothing. A party asking for costs against an executor or administrator must bring himself strictly within the statute. It is not enough to show that the administratrix refused to arbitrate. She must refuse to *refer.* (Swift agt. Blair, 12 *Wend.* 278.)

The motion is denied, but in consideration of all the circumstances shown by the affidavits it was not unreasonable to make the application, and it is therefore denied without costs.