DANIEL SUPPLEE, RESPONDENT, *v.* JOB SAYRE, AS ADMINISTRATOR, ETC., OF WILLIAM H. SAYRE, DECEASED, APPELLANT.

*Publication of a notice to creditors to present their claims against the estate of a deceased person — R. S., pt. 2, sec. 34 of chap. 6, art. 2 — a surety on a bond of the deceased, to entitle himself to costs, must present his claim within the time limited although he may not, then, have any right of action upon it.*

Letters of administration having been issued, in April, 1872, to the defendant, he, within the time prescribed by statute, caused to be published a notice, in conformity to the provisions of the statute, requiring all persons having claims against the estate of William H. Sayre, deceased, to present the same for payment.

The plaintiff, who did not, within the time mentioned in the notice, present the claim in suit, subsequently, and in 1883, presented it to the defendant, by whom it was rejected. Thereafter the plaintiff, after having offered to refer the same, which offer was declined by the defendant, commenced this action to recover the amount of his claim. Upon an appeal from an order awarding costs to the plaintiff, including an extra allowance of costs and charging the same upon the defendant personally:

*Held,* that the order should be reversed for the reason that the plaintiff did not present his claim to the administrator within the time limited by the notice published by him in pursuance of section 34 of article 2 of chapter 6 of part 2 of the Revised Statutes.

*Horton* v. *Brown* (29 Hun, 654) followed.

After the publication by the defendant of the notice for the creditors of William H. Sayre to present their claim to him, the plaintiff was sued, as one of the sureties on the bond of the said Sayre, and a judgment was recovered against him which he paid, and this action is founded on such payment to recover from the defendant, as the administrator of said William H. Sayre, the sum so paid.

*Held,* that the language of the statute was so broad as to require that the claim of the plaintiff should have been presented to the administrator, as required by the notice when the same was published, although the right of action might never exist in favor of the surety against anyone.

*Bradley* v. *Burwell* (3 Denio, 261) followed.

That a claim made by the counsel for the respondent that the plaintiff was entitled to costs as against his principal, under the provisions of section 1916 of the Code

of Civil Procedure, providing that a surety may recover, in an action against his principal, his reasonable costs and other expenses incurred necessarily, and in good faith, in the prosecution or defense of an action or special proceeding, could not be sustained, as it was manifest that that section did not relate in any manner to the question whether the costs of this or any action against an executor or administrator should be charged against him personally.

APPEAL from an order of the Monroe Special Term, entered in the office of the clerk of Yates county on June 28, 1886, awarding costs to the plaintiff, including an extra allowance of costs, and charging the same upon the defendant personally.

Letters of administration were issued to the defendant in April, 1872, and thereafter and within the time prescribed by statute, he caused to be published a notice in conformity to the provisions of the statute, requiring all persons having claims against the estate of the deceased to present the same for payment. The plaintiff did not, within the time mentioned in the notice, present the claim in suit. Subsequently, and in 1883, the plaintiff presented his claim to the defendant, by whom it was rejected; the plaintiff then offered to refer the same, which the defendant declined to do, and thereafter and on the 5th day of November, 1883, this action was commenced.

*John J. Van Allen,* for the appellant.

*Charles R. King,* for the respondent.

BARKER, P. J.:

The order allowing the plaintiff costs should be reversed on the authority of the reported cases, for the reason that the plaintiff did not present his claim to the administrator within the time limited by the notice published by him, in pursuance of section 34 of chapter 6, article 2 of the Revised Statutes (2 R. S., 88.) (*Bradley* v. *Burwell,* 3 Denio, 261; *Horton* v. *Brown,* 29 Hun, 654; *Clarkson* v. *Root,* 18 Abb. N. C., 462; *Bullock* v. *Bogardus,* 1 Denio, 277.) These cases hold that it is one of the prerequisites required by the statute, that the creditor must present his claim within the time limited by law to entitle him to costs. *Horton* v. *Brown* (*supra*) is a recent case, and determines that sections 1835 and 1836 are only re-enactments of the provisions of the Revised Statutes on the same subject, and do not change the rule in relation to costs in actions against

executors and administrators. After the publication of the notice by this defendant for the creditors of William H. Sayre to present their claims to him, the plaintiff was sued as one of the sureties on the bond of the said Sayre, and a judgment against him recovered for the moneys remaining in his hands as administrator of Henry Sayre, which he paid, and this action is founded on such payment, to recover from the defendant, as administrator of said William H. Sayre, the sum so paid. These facts present a case precisely like the case of *Bradley* v. *Burwell* (*supra*), and it was there held that the claim must be presented to the administrator as required by the notice, when the same is published, in pursuance of the provisions of the statute, although the right of action might never exist in favor of the surety against any one; that the statute was so broad in its terms that a construction could not be given to it, that it was unnecessary to present the claim within the time limited by the notice in order to secure costs, in case it became necessary to bring an action thereon, and the same should be unnecessarily resisted by the administrator, or he should refuse to refer the same under the provisions of the statute.

The plaintiff also insists that his demand for costs should be determined by the provisions of section 3246 of the Code of Civil Procedure, and that the provisions of 1835 and 1836 are not applicable to this case. The last named sections apply to actions at law where a judgment for a sum of money only is rendered against an executor or administrator. The construction given to the provisions of the Revised Statutes, for which these sections are a substitute, without any change in their legal effect, was that no costs should be recovered against an executor or administrator "in any suit at law," unless the payment of the claim was unreasonably resisted or neglected, or the defendant refused to refer.

Section 3246 provides for the allowance of costs in actions by or against executors or administrators the same as if they were prosecuted or defended by individuals in their own right, except in the class of cases mentioned in sections 1835 and 1836. In equity actions, as distinguished from actions at law, costs are within the discretion of the court, and section 3246 applies to the former class of actions, and sections 1835 and 1836 apply to the latter. This action is one at law, and the judgment directed to be entered in the

plaintiff's favor, upon the report of the referee, is for a sum of money only. The complaint demands judgment for a specific sum of money and the costs and disbursements of the action. No other relief is demanded. The conclusion of law, as found by the referee, is contained in one clause of his report, and is as follows: "That the plaintiff is entitled to judgment against the defendant for the sum of two thousand four hundred and sixteen dollars and twelve cents, to be paid out of and enforced against the estate of William H. Sayre, in the hands of Job Sayre, as administrator of said estate, or which will come to his hands as such." There is no averment in the complaint or any facts found by the referee which would authorize the entry of judgment for a specific relief or which would be of any benefit or advantage to the plaintiff, except a judgment for the recovery of money for the amount mentioned in the referee's report. The action is founded on the implied promise of the deceased to indemnify and save harmless the plaintiff against all liability which he incurred as surety for the said deceased, and to refund to him all sums of money which he should pay as surety on the bond of the decedent as one of the administrators of Henry Sayre.

We have not failed to examine the point made by the respondent that he is entitled to costs as against his principal under the provisions of section 1916 of the Code of Civil Procedure. It is manifest, on reading this section, that it does not relate in any manner to the question whether the costs of this or any action against an executor or administrator should be charged against him personally.

Order reversed, with ten dollars costs and disbursements.

All concur.

Order reversed, with ten dollars costs and disbursements.