### KING v. TODD, (two cases.)

*(Common Pleas of New York City and County, Trial Term. May, 1891.)*

EXECUTORS AND ADMINISTRATORS—COSTS—PRESENTMENT OF CLAIM.

Under Code Civil Proc. N. Y. § 1836, which provides that costs shall not be awarded against an executor or administrator, unless plaintiff's demand was presented within the time limited by the notice to creditors, the claim must be presented in writing.

Two actions, one by Ellen King, and the other by John C. King, against Robert W. Todd, as temporary administrator, etc. Plaintiffs move for costs against defendant.

*Booraem, Hamilton & Beckett,* for plaintiffs. *Knevals & Perry,* for defendant.

BOOKSTAVER, J. The question in this case is whether the plaintiffs, who prevailed in their respective actions, should have costs or not. Sections 1835 and 1836 of the Code provide that costs shall not be awarded against an executor or administrator except upon the two following conditions, which must concur: (1) plaintiff's demand must be presented within the time limited by the published notice requiring creditors to present their claims; and (2) the payment of the claim has been unreasonably resisted, or that the defendant has refused to refer. In my judgment, the plaintiffs have met neither of these conditions; for, by the affidavits submitted, it appears that the time limited by the published notice expired on the 24th of June, 1889, and the plaintiffs did not present their claim in writing until the 19th September, 1889. Their failure to present their claims within the prescribed time is fatal to their right to recover costs. *Clarkson* v. *Root,* 18 Abb. N. C. 462; *Horton* v. *Brown,* 29 Hun, 654; *Greene* v. *Day,* 1 Dem. Sur. 45. The plaintiffs seek to avoid this requirement of the Code, upon the ground that the claims were verbally presented within the time limited; but I do not think a mere verbal notice is in any sense a compliance with the provisions of the statute, which seem to require, not only that a claim presented must be in writing, but, if the executor or administrator so require it, must be accompanied by an affidavit, setting forth that it is "justly due, that no payments have been made thereon, and that there are no offsets against the same." The claims not having been presented according to law within the time limited, of course the offer to refer was without effect, and cannot operate to the prejudice of the defendant. There can be no contention in this case but that the temporary administrator was fully justified in resisting the claims, as they were of a somewhat extraordinary nature, although I think the jury arrived at a correct conclusion in regard to them. The motion for costs should therefore be denied, but, under the circumstances, without costs.