EILLINE E. NILES, Respondent, *v.* DAVID CROCKER and EDWIN L. CROCKER, as Executors, etc., of LUTHER CROCKER, Deceased, Appellants.

*Costs — on the reference of a disputed claim against an estate — due presentation of a claim — knowledge by the executor of its existence — effect of the Repealing Act, chapter 245 of 1880.*

The referee to whom a claim against the estate of a decedent is referred under section 2718 of the Code of Civil Procedure has power to award costs to the plaintiff under such section of the Code; the right of the plaintiff to costs is regulated and controlled by sections 1835 and 1836 of the Code of Civil Pro-

cedure. Under the statute, two things are necessary to entitle a plaintiff to costs: *First,* the demand must be presented during the time limited by a notice published as prescribed by law; and, *second,* the demand must be unreasonably resisted or neglected.

Where a note made by a testator is in the possession of his executor, who received directions from the testator to deliver the same to the payee in case of the testator's death, a demand by such payee, made on the executor, that he should deliver the note to her or her attorney, is not a sufficient presentation of a claim upon or against the estate of the decedent to entitle the claimant to costs upon a reference of the claim made upon the note.

The knowledge by an executor or administrator of the existence of a claim against the estate which he represents, does not avoid the necessity for the due presentation of such claim in writing, stating the nature and amount of the claim, and demanding its payment.

The right of a prevailing party upon a reference of a disputed claim against an estate under the statute to recover the fees of the referee and witnesses, and other necessary disbursements, as provided for in those portions of the Revised Statutes left unrepealed after the act of 1880 took effect, was preserved by subdivision 8 of section 3 of chapter 245 of the Laws of 1880.

APPEAL by the defendants, David Crocker and another, as executors, etc., of Luther Crocker, deceased, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Broome on the 5th day of January, 1895, upon the report of a referee.

The action or proceeding was taken under section 2718 of the Code to recover the amount of a promissory note made by the defendants' testator, and delivered to one of the defendants to be delivered to the plaintiff in case of his death, and, in case he should recover from the illness from which he was then suffering, it was to be returned to him. The testator died a few days after the making of the note, and the defendant to whom it was delivered retained it in his possession until an action was brought against him to recover its value, when he surrendered the note to the plaintiff. Thereupon, and on the 29th of November, 1893, the plaintiff presented to the defendants a claim for the amount of such note and interest. The claim was rejected by the defendants, and a stipulation entered into by the parties referring the matter in controversy to a referee to hear and determine. The referee found in favor of the plaintiff, and awarded her a judgment for the amount of the note and interest, with costs.

*Babcock, Sperry & Van Cleve,* for the appellants.

*Millard & Stewart,* for the respondent.

MARTIN, J. :

After an examination of the evidence and rulings contained in the appeal book we have reached the conclusion that there were no rulings on the trial which would justify us in disturbing the judgment herein, and that the findings of the referee were sustained by the evidence. It, therefore, follows that the judgment, so far at least as it relates to the amount of damages recovered, should be affirmed.

The appellants, however, contend that the referee erred in awarding the plaintiff costs, and that to that extent the judgment should be reversed or modified by deducting the amount of the costs from the judgment. The referee had power to award costs if the plaintiff was entitled to them. (Code Civ. Proc. § 2718.) This authority is not denied by the appellants. The question whether the plaintiff was entitled to costs is regulated and controlled by sections 1835 and 1836 of the Code. If, under those sections, the plaintiff was not entitled to her costs, the referee erred in allowing them. Section 1835 provides : " Where a judgment for a sum of money only is rendered against an executor or administrator, * * * costs shall not be awarded against him, except as prescribed in the next section." The next section declares : " Where it appears, in a case specified in the last section, that the plaintiff's demand was presented within the time limited by a notice, published as prescribed by law, requiring creditors to present their claims, and that the payment thereof was unreasonably resisted or neglected, * * * the court may award costs against the executor or administrator."

It is conceded by the respondent that under the statute two things are necessary to entitle the plaintiff to costs : (1) That the demand must be presented within the time limited by a notice, published as prescribed by law; and (2) the demand must be unreasonably resisted or neglected. The cases are also to that effect. (*Supplee* v. *Sayre,* 51 Hun, 30 ; *Horton* v. *Brown,* 29 id. 654 ; *King* v. *Todd,* 21 N. Y. Civ. Proc. Rep. 114.)

That the written claim presented by the plaintiff was presented within the time limited by a notice, published as prescribed by law,

does not appear. On the contrary, all the proof there is in the case upon the question tends to show that it was not presented until long after such a notice was published. We think it may be admitted that the demand was unreasonably resisted or neglected and yet the plaintiff not be entitled to costs. The only attempt made by the plaintiff to show any presentation of her claim within the time limited by the published notice was, that one of the executors had possession of the note in question from the time it was delivered to him by the testator until about the time the written claim was presented. There is nothing to show that any claim was made upon the note against the estate of the testator previous to the delivery of the written one, but the only demand made of the defendant in whose possession it was, was that he should deliver the note to the plaintiff or her attorney. It seems to us that this was not a sufficient presentation of a claim against the estate of the testator to constitute a compliance with the requirements of the statute. In *Matter of Morton* (58 N. Y. St. Repr. 515) it was held that knowledge, by a representative, of the existence of a claim against his estate did not avoid the necessity of its due presentation, and that the presentation must be in writing, stating the nature and amount of the claim and demanding its payment. In *King* v. *Todd* (*supra*) it was held that a mere verbal notice of a claim was not sufficient and that it should be presented in writing. In *Cruikshank* v. *Cruikshank* (9 How. Pr. 350) it was held that to entitle a party to costs against an executor or administrator it must appear that an account or some claim against the estate which could be supported by vouchers and affidavits was presented to the executor and that a vague demand of a gross sum was not sufficient.

The respondent seeks to uphold the decision of the referee as to costs upon the authority of *Gansevoort'* v. *Nelson* (6 Hill, 389). If we assume the correctness of that decision, still it is not decisive of the question here as that case is clearly distinguishable from this. In that case a claim was presented by letter, while in the case at bar there was no presentation of any claim whatever by the plaintiff. These considerations lead to the conclusion that the referee erred in allowing the plaintiff the costs of this action.

The only remaining question is whether the plaintiff was entitled to her disbursements. Section 317 of the Code of Procedure con-

tained the following provision : " And whenever any claim against a deceased person shall be referred, pursuant to the provisions of the Revised Statutes, the prevailing party shall be entitled to recover the fees of referees and witnesses and other necessary disbursements to be taxed according to law." Section 3, subdivision 8, of chapter 245 of the Laws of 1880, an act repealing the Code of Procedure, contained the following provision : " The repeal effected by the first section of this act (which included the Code of Procedure) is subject to the following qualifications :  *  *  *  8. It does not affect the right of a prevailing party to recover the fees of referees and witnesses and his other necessary disbursements, upon the reference of a claim against a decedent, as provided in those portions of the Revised Statutes left unrepealed after this act takes effect."

The provisions of article 2, title 3, chapter 6, part 2 of the Revised Statutes, providing for and regulating the reference of a claim against a decedent, were not at that time repealed. While the law stood thus it was held that upon such a reference the prevailing party was entitled to recover his necessary disbursements, and that the provisions of the Code of Procedure allowing such disbursements were not taken away by the repealing act of 1880, but the right thereto was preserved by subdivision 8 of section 3 of that act. (*Larkins* v. *Maxon*, 103 N. Y. 680. See, also, *Hallock* v. *Bacon*, 64 Hun, 90, and cases cited in the opinion of HARDIN, P. J.)

In 1893 the Legislature passed an act amending the Code of Civil Procedure by making those provisions of the Revised Statutes a part of the Code of Civil Procedure (Chap. 686 of the Laws of 1893). Section 2718 now contains substantially the same provisions as were contained in the Revised Statutes as to the reference of claims against decedents, and the provisions of the Revised Statutes which related to such a reference were repealed. Thus the question is presented whether a substantial re-enactment of the Revised Statutes by making them a part of the Code of Civil Procedure, and the repeal of that part of the Revised Statutes have changed the rule in regard to referees' fees, witness' fees and other disbursements paid or incurred by the prevailing party on the reference of a claim against the estate of a decedent. We have found no statute which repeals the portion of section 317 of the Code of Procedure, to which we have referred, except chapter 245 of the

Laws of 1880, and in that, as we have already seen, the right to referees' fees, witness' fees and other disbursements paid or incurred by the prevailing party on the reference of such a claim is preserved, nor have we been able to find that subdivision 8 of section 3 of chapter 245 of the Laws of 1880 has been repealed. Assuming that these provisions of the statute are unrepealed the question is whether they apply to a reference under section 2718 of the Code of Civil Procedure.

We are disposed to think the provisions of those statutes are still in force. The purpose of the statute of 1880 was to retain the provision of the Code of Procedure which gave the right to a prevailing party to recover his necessary disbursements upon a reference of a claim against a decedent. It is true that the act added a description of the statutes under which such a reference might then be had; but when the Legislature in substance re-enacted the same law, making it a part of the Code of Civil Procedure, and did not repeal the provision of the Code of Procedure referred to, nor the provision of the repealing act of 1880, which preserved the right to such fees and disbursements, we are inclined to the opinion that it indicated an intent upon the part of the Legislature to leave the provisions as to disbursements in such proceedings as they originally existed. If correct in this conclusion, it follows that the judgment should be modified by deducting from the amount of costs and disbursements the sum of $60, thereby reducing the judgment from the sum of $395.47 to the sum of $335.47, and that as so modified the judgment should be affirmed.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment modified by deducting therefrom $60 costs allowed to the plaintiff, thus reducing the judgment from the sum of $395.47 to the sum of $335.47, and as so modified, affirmed, without costs of the appeal to either party.