fear. The counsel on both sides frankly declare that they neither make nor believe in any such imputation. The case is not brought, therefore, within any of the authorities cited where a party to a reference, with obvious intent to gain favor with a referee, has employed him as counsel, or placed business in his hands, and the referee has accepted the same. with reason to suppose that such was the intent."

This opinion is in manuscript, but, upon the affirmance of the order denying the motion to set aside the order of reference by the general term, an appeal was taken to the court of appeals, and the court said:

"We think this order should be affirmed. The question whether there were any relations between the referee and the plaintiff, or his assignor, which rendered it improper for the referee to hear and decide the case, and called upon the court to vacate the order of reference, was addressed to the discretion of the court below, and its decision is not reviewable here. We may say, however, in passing, that, in our judgment, there is not the slightest ground for the motion in this respect." Baird v. Mayor, etc., of New York, 74 N. Y. 382–385.

The motion to set aside the referee's report and the judgment entered thereon should be denied, with $10 costs; but the moving party may have 30 days after service of a copy of the order to be entered hereon to make and serve a case on appeal. Order to be settled on notice.

(26 App. Div. 587.)

### ELLIOT et al. v. VAN SCHAICK.

(Supreme Court, Appellate Division, Second Department. March 22, 1898.)

APPEAL—REVIEW.

Where plaintiffs file no exceptions to direction of verdict for defendant, and no appeal is taken from an order refusing a new trial, the correctness of the order directing verdict cannot be reviewed on appeal.

Appeal from trial term.

Action by Harry R. Elliot and Albert L. Bouyon against Eugene Van Schaick. From a judgment on a verdict directed by the court, plaintiffs appeal. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

John Andrews, Jr., for appellants.
Van Schaick & Norton, for respondent.

PER CURIAM. At the close of the evidence, both parties requested the court to direct a verdict. By consent, the decision of these applications was reserved. Subsequently the court directed a verdict for the defendant. Under the practice adopted, no exception could have been taken on the trial to the ruling of the court, for the decision was not made until after the close of the trial. Provision for such a case is made in sections 994 and 1185 of the Code of Civil Procedure, which authorize the unsuccessful party to file a notice of exception within 10 days after the service of a copy of the decision of the court. The appellants have filed no exception to the direction of a verdict for the defendant. A motion for a new trial was made and denied, but no appeal was taken from the order made on that appli-

cation.　We therefore have no power to review the correctness of the determination of the trial court in directing a verdict for the defendant, but are limited to a consideration of the exceptions taken on the trial.　Ainley v. Railway Co., 47 Hun, 206; Dixon v. Dixon, 12 N. Y. St. Rep. 505.　The exceptions taken relate solely to the admission of evidence.　The appellants in their brief have not argued them, and we think they are not well taken.

The judgment appealed from must be affirmed, with costs.