### LOUNSBURY v. SHERWOOD et al.

(Supreme Court, Appellate Division, Second Department. July 9, 1900.)

1. APPEAL AND ERROR—NECESSITY OF EXCEPTIONS.
     Where no exceptions are filed, the facts cannot be reviewed on appeal.

2. REFERENCE IN PROBATE—AMENDMENTS BY REFEREE.
     Under Code Civ. Proc. § 2718, providing that on reference by agreement between the administrator of an estate and a claimant in proceedings to establish a claim, a referee shall have the same powers as in an action where a reference is authorized; and section 723, providing that the court may allow amendments of process, pleading, or other proceedings, or correct a mistake as to parties or allegations,—a referee, in an action on a claim against an estate, may allow an amendment increasing the amount of the claim.

3. SAME—CERTIFICATE AS TO COSTS.
     A referee's report to the supreme court, in an action on a claim against an estate, that the plaintiff is entitled to recover a sum, "with the usual costs and disbursements," is not a sufficient certificate, as required by Code Civ. Proc. § 1836, requiring that, where such action is brought in the su-

preme court to entitle claimant to costs, the judge or referee shall certify that the payment of the claim was unreasonably resisted or neglected.

**4. SAME—DISBURSEMENTS.**

Such certificate is required only for the recovery of costs, and not of disbursements.

Appeal from judgment on report of referee.

Claim of Kate Lounsbury against Mary E. Hart Sherwood, as executrix, and Charles C. Hart, as executor, of the estate of James Hart, deceased. From a judgment in favor of plaintiff, entered on the report of a referee, defendants appeal. Modified.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Eugene B. Travis, for appellants.
John H. Baxter, for respondent.

GOODRICH, P. J. The plaintiff was housekeeper for James Hart from June, 1892, to the time of his death, in June, 1897, at the compensation of $17 per month, and has been fully paid therefor. For some years prior to Hart's decease he was afflicted with ulcers and sores on his legs, and during the year preceding his death the plaintiff, at his request, rendered assistance in washing and bandaging his sores, for which he promised to pay her in addition to her remuneration as housekeeper. After his death she received her last month's wages as housekeeper, giving a receipt in which it was stated that the amount was "in full to date from James Hart's estate." Subsequently she rendered a bill to the defendants for 263 weeks' services in "bandaging the legs" of the deceased, at one dollar per week. The executors declined to pay the amount, and Mr. Gibney was appointed as referee to hear and determine the matter in controversy. At the trial the referee allowed an amendment of the claim, making it seven dollars per week instead of one dollar, and filed a decision allowing the plaintiff one dollar per day for the year preceding Hart's decease. From the judgment entered thereon, the executors appeal.

No exceptions were filed to the decision, and we cannot review the facts. Elliott v. Van Schaick, 26 App. Div. 587, 50 N. Y. Supp. 432; Price v. Levy, 26 App. Div. 620, 50 N. Y. Supp. 636. The defendants contend that the referee had no power to allow an amendment of the plaintiff's claim. Section 2718 of the Code of Civil Procedure provides that on a reference of this character the referee shall have the same powers as if the reference had been made in an action where a reference is authorized, and under section 723 there is no question of the right to allow such an amendment.

The allowance of costs, however, was not properly made. Section 1836 provides that costs may be allowed in proceedings of this character where it appears that a creditor has presented his claim to the executors, "and that the payment thereof was unreasonably resisted or neglected," and, "where the action is brought in the supreme court, the facts must be certified by the judge or referee before whom the trial took place." There is no such certificate in the record. The report only states that the plaintiff is entitled to recover $365, "with the usual costs and disbursements." This is not a certificate that the

executors "unreasonably resisted or neglected" the payment of the claim, and the plaintiff is not entitled to recover the costs of the reference.

The costs, however, in a proceeding of this character, do not include the disbursements. In a well-considered and unanimous opinion by the old general term of the Fourth department (Niles v. Crocker, 88 Hun, 312, 34 N. Y. Supp. 761), Mr. Justice Martin writing, it was held that the creditor was entitled to recover his disbursements in a proceeding of this character; that the certificate mentioned by section 1836, as to unreasonable refusal or neglect to pay, was required only to enable the party to recover costs; and that it was not required for a recovery of disbursements. To the same effect is Hallock v. Bacon, 64 Hun, 90, 19 N. Y. Supp. 91.

The judgment should be modified by striking out the allowance of costs, but not of disbursements, and as modified affirmed, without costs of this appeal to either party. All concur.