(57 App. Div. 182.)

### RICHARDS v. STILLMAN et al.

(Supreme Court, Appellate Division, Second Department. January 25, 1901.)

EXECUTORS—MORTGAGES—FORECLOSURE—COSTS.

 Defendant and executrix's decedent, as tenants in common, purchased land subject to a mortgage to plaintiff, which, in consideration of an extension, they agreed to pay. Code Civ. Proc. § 1626, provides that, on foreclosure, sufficient of the premises shall be sold to pay the debt and costs. Section 1824 provides that, in an action against an executor wherein the complaint demands judgment for money, plaintiff's right of recovery is not affected thereby, except as to costs. Section 1835 provides that, where a judgment for money only is rendered against an executor in his representative capacity, costs shall not be awarded, except under section 1836, providing for costs where payment of a claim duly presented was unreasonably resisted, or he did not file the consent within the time limited after rejection thereof. Section 3252 provides for additional allowance in foreclosure based on the amount of the judgment. *Held*, in an action to foreclose the mortgage, that judgment against the executrix for costs and the extra allowance was proper, since, as testator had entered into an agreement to which costs were an essential part, the executrix was not within the statutory exemption.

Appeal from special term, Kings county.

Action by Mary E. Richards against Sarah G. Watson, as executrix of the last will and testament of Thomas H. Watson, deceased, Francis H. Stillman, and others, to foreclose a mortgage. From so much of a judgment in favor of plaintiff as imposed costs on defendant executrix, she appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, and JENKS, JJ.

Barclay E. V. McCarty (Jared G. Baldwin, Jr., on the brief), for appellant.

Frank M. Tichenor, for respondent.

WOODWARD, J. One Mary A. Poole, on or about May 29, 1889, executed and delivered to the plaintiff a bond bearing the above date,

in the penal sum of $9,000, conditioned to pay to the plaintiff the sum of $4,500 on June 1, 1892, together with interest thereon from the date thereof at the rate of 6 per cent. per annum, payable semiannually. Simultaneously with this bond, and to secure the payment thereof, the said Mary A. Poole executed and delivered to the plaintiff a certain mortgage, which this action was brought to foreclose. By several mesne conveyances, the defendant Francis H. Stillman and one Thomas H. Watson became the owners, as tenants in common, of the premises covered by the mortgage. Watson and Stillman, in consideration of a forbearance on the part of the plaintiff to enforce the payment of the bond for a certain period, entered into an instrument in writing on the 24th day of January, 1896, in which they covenanted to pay the principal of said bond on February 1, 1899, and the interest thereon as it became due and payable. On the 6th of April, 1896, Thomas H. Watson died, leaving a last will and testament, whereby he appointed the defendant appellant the sole executrix thereof, and she has duly qualified and entered upon the discharge of her duties. The bond was not paid on February 1, 1899, and the plaintiff began an action to foreclose the mortgage, and to obtain a deficiency judgment against the defendant appellant as executrix and the said Francis H. Stillman, and the judgment appealed from resulted.

The appellant does not question the judgment in so far as it decrees the foreclosure of the mortgage, and awards a deficiency judgment against her as such executrix, but she contends that, under the provisions of section 1835 of the Code of Civil Procedure, she cannot be charged with costs in the action. The section of the Code relied upon provides that, "where a judgment for a sum of money only is rendered against an executor or administrator, in an action brought against him in his representative capacity, costs shall not be awarded against him, except as prescribed in the next section." The appellant urges that as the judgment in this action, as against her in her representative capacity, is a judgment for money only, the court erred in awarding the costs of the action, and in making a special allowance, which was directed to be paid out of the proceeds of the sale of the property.

We are of opinion that the appellant is not within the reason of the law, and that the costs and special allowance were properly embraced in the judgment. The defendant's testator had, by an instrument in writing, assumed the position of the original party to the bond. The plaintiff stood in the same relation to Watson and Stillman that she did to Mary A. Poole, and there is no doubt that, if Watson were now living, the deficiency judgment, with its costs and allowance, would be entirely proper. Why should the plaintiff's right to costs be changed because Watson is dead? To sanction the contention of the appellant, we must violate the obligation of the contract between the plaintiff and Watson and Stillman by denying to the plaintiff the right to a deficiency judgment, including the costs, to which she was entitled by law at the time of entering into the agreement. This will not be done in the absence of a rule of law clearly demanding it, and we are of opinion that the legislature did not contemplate interfering with the rights of parties under contracts, but simply intended to protect the estates of deceased persons from unnecessary depletion by litiga-

tions which could be avoided by a proper filing of claims with the executor or administrator 'in the manner pointed out by law. This view is supported by the language of section 1836 of the Code of Civil Procedure, which provides that:

"Where it appears in a case specified in the last section that the plaintiff's demand was presented within the time limited by a notice published as prescribed by law, requiring creditors to present their claims, and that the payment thereof was unreasonably resisted or neglected, or that the defendant did not file the consent provided in section eighteen hundred and twenty-two at least ten days before the expiration of six months from the rejection thereof, the court may award costs against the executor or administrator, to be collected either out of his individual property or out of the property of the decedent as the court directs, having reference to the facts which appear upon the trial."

These two sections (1835 and 1836) take the place of section 41, pt. 2, c. 6, tit. 3, Rev. St. (2 Rev. St. [2d Ed.] p. 30), and do not change the rule in relation to costs. Horton v. Brown, 29 Hun, 654. The Revised Statutes provided that no costs should be recovered against executors in any suit at law, "unless it shall appear that the demand on which the action was founded was presented within the time aforesaid." Bradley v. Burwell, 3 Denio, 261. The language of section 1824 of the Code of Civil Procedure clearly indicates that the legislature intended to deal, not with equitable actions, but with actions at law. This section, which is to be read in connection with section 1835, provides that:

"In an action against an executor or administrator, in his representative capacity, wherein the complaint demands judgment for a sum of money, * * * the plaintiff's right of recovery is not affected thereby, except with respect to the costs to be awarded, as prescribed by law."

When we find, in the same title and under the same general head, that "where a judgment for a sum of money only is rendered against an executor or administrator, in an action brought against him in his representative capacity, costs shall not be awarded against him," etc., we are justified in assuming that the legislature intended by a "judgment for a sum of money" a judgment rendered in an "action against an executor or administrator, in his representative capacity, wherein the complaint demands judgment for a sum of money," and not in an action where the rights of the parties were fixed by a lawful contract, and in which the costs were an essential part of the same. Section 1626 of the Code of Civil Procedure provides that, "in an action to foreclose a mortgage upon real property, if the plaintiff becomes entitled to final judgment, it must direct the sale of the property mortgaged, or of such part thereof as is sufficient to discharge the mortgage debt, the expenses of the sale, and the costs of the action." This was a right belonging to the plaintiff under his mortgage, and the rule could not be altered by the death of the appellant's testator. Glacius v. Fogel, 88 N. Y. 434, 439. Section 3252 of the Code of Civil Procedure provides for the awarding of an additional allowance in a case of this character, and there is no merit in the appeal from this part of the judgment.

The judgment appealed from should be affirmed in all respects, with costs. All concur.