LIGHTFOOT v. DAVIS.

(Supreme Court, Special Term, Livingston County.　September 18, 1908.)

1. EXECUTORS AND ADMINISTRATORS—ACTIONS—COSTS.

Where a judgment is recovered in an action against an administrator for a sum of money only, the administrator cannot be charged with costs under the express provisions of Code Civ. Proc. §§ 1835, 1836, allowing costs in such cases only when the administrator has unreasonably resisted or neglected a claim duly presented, or has failed to consent to a determination of the claim by the surrogate on the settlement of the administrator's accounts, thereby compelling the suit to be brought.

2. COSTS—EXTRA ALLOWANCE.

Where an action against an administrator in which plaintiff recovered a judgment for a sum of money only was tried by a referee, there could be no extra allowance of costs until the costs allowed by the referee had been regularly taxed.

3. SAME—CERTIFICATE.

Code Civ. Proc. § 1836, provides that where, in an action by an administrator to recover a sum of money only, plaintiff's demand was presented within the time limited by notice to creditors, and payment thereof was unreasonably resisted or neglected, or defendant did not file consent provided in section 1822 at least 10 days before the expiration of six months from the rejection thereof, the court might award costs against the administrator, to be collected either out of his individual property or out of the estate, as the court might direct. *Held* that, where an action against an administrator to recover a sum of money only was tried before a referee, a certificate merely that the case was difficult and extraordinary and that the administrator did not file the consent specified, but failing to certify that plaintiff's demand was presented within the time limited by the notice to creditors, was insufficient to entitle plaintiff to an extra allowance.

Action by William Lightfoot against Fitch M. Davis, as administrator with the will annexed of William Bowen, deceased. Plaintiff, having recovered judgment, now moves for an additional allowance of costs. Motion denied, with leave to renew.

Charles Ward (Fletcher C. Peck, of counsel), for plaintiff.
George W. Atwell, for defendant.

CLARK, J.　The plaintiff was the owner of certain bonds of the value of $4,002.72, with accumulated interest, and on or about the 18th day of March, 1875, the plaintiff claims that William Bowen feloniously took said bonds, and converted them to his own use. William Bowen died in 1899, and from the time plaintiff lost the bonds in question until after Bowen's death he had made diligent search for them, but never recovered them and never discovered the person who took the bonds until after the death of Bowen, when certain papers found among his effects indicated that he had taken plaintiff's bonds, whereupon on or about the 26th day of January, 1901, the plaintiff presented to the administrator of the William Bowen estate a claim for the bonds to the amount of $4,002.72, with interest from March 18, 1875, at 7 per cent. The administrator refused to allow the claim, but rejected and disputed it, whereupon this action was brought, and it was subsequently, by stipulation, sent to a referee to hear, try, and determine, and after a trial the referee filed his report, awarding to

the plaintiff judgment against the defendant as administrator of the estate of William Bowen, deceased, in the sum of $4,213.37, with interest thereon amounting to $8,148.22, making in all $12,461.59, with costs. The costs have never been taxed, but in December, 1907, plaintiff moved at Special Term for an additional allowance, which motion was denied, with leave to renew; it being held at that time that the certificate of the referee did not comply with section 1836 of the Code of Civil Procedure, and consequently the plaintiff was not · entitled to costs under that certificate, and plaintiff now renews the motion for an additional allowance under the permission given him when the matter was formerly before this court, and has produced an additional certificate from the referee showing that no consent has ever been filed by the defendant that the claim of the plaintiff might be heard before the surrogate on the judicial settlement of the administrator's accounts; the former certificate of the referee having been to the effect that the action "was a difficult and extraordinary case." The judgment recovered by the plaintiff in this action was for a sum of money only, and the administrator cannot be charged with costs except as prescribed by the Code. Code Civ. Proc. § 1835.

Section 1836 of the Code of Civil Procedure seems to be so plain in regard to this matter that there is hardly room for controversy. The very first thing stated in that section when costs can be allowed is:

"Where it appears in a case specified in the last section that the plaintiff's demand was presented within the time limited by a notice published as prescribed by law, requiring creditors to present their claims and that the payment thereof was unreasonably resisted or neglected, or that the defendant did not file the consent provided in section 1822, etc., the court may award costs, etc." Code Civ. Proc. § 1836.

There is nothing in this case to show that the conditions referred to in section 1836 of the Code have been complied with. The referee certifies that this was a difficult and extraordinary case, and by his new certificate that the administrator did not file the consent to have the surrogate dispose of the matter when the administrator's accounts were judicially settled, but he fails to certify that the plaintiff's demand was presented to the administrator within the time limited by a notice for creditors to present their claims as required by law. The affidavits filed show that the claim was not thus presented. The administrator of this estate duly published a notice for creditors to present their claims to him with proper vouchers on or before the 25th day of March, 1900. That notice was published in pursuance of an · order of the surrogate of Livingston county, and was published for six months in a newspaper, as required by law. This claim was not presented to the administrator until on or about the 26th day of January, 1901, nearly 10 months after the notice for creditors to present claims had expired, so it is a very serious question here whether or not the plaintiff is entitled to any costs, to say nothing about an extra allowance, and he certainly is not entitled to tax costs under the certificate of the referee as it exists to-day. Lounsbury v. Sherwood, 53 App. Div. 318, 65 N. Y. Supp. 676; Matson v. Abbey, 141 N. Y. 179, 36 N. E. 11; Code Civ. Proc. § 1836; · Clarkson v. Root, 18 Abb. N. C. 462; Supplee v. Sayre, 51 Hun, 30, 3 N. Y. Supp. 627. There can

be no extra allowance in this case until the costs as allowed by the referee are taxed in the regular way, and based upon a certificate fully complying with section 1836 of the Code of Civil Procedure; for, un-. less this claim was presented within the time limited by the notice for creditors to present their claims, an extra allowance of costs would be improper.

This motion is therefore denied, with $10 costs, but with leave to the plaintiff to renew at any future Special Term, if he is so advised, after ordinary costs have been regularly taxed.