W. E. SMITH LUMBER COMPANY, Respondent, vs. ESTATE OF FITZHUGH, Appellant.

*April 4—April 30, 1918.*

*Executors and administrators: Claims against decedent: Estate of joint debtor liable for whole: Partnership: Parties: Sales: Advances by purchaser: Interest.*

1. Where one of two partners jointly indebted upon a firm contract dies, the creditor may, under sec. 3848, Stats., establish his claim against the estate of the decedent as if the liability were several and without making the surviving partner a party to the proceeding.
2. A finding by the trial court in this case that it was agreed between the parties to a contract for the sale of lumber that advances made by the purchaser to the vendor in excess of a certain sum per thousand feet should bear interest at six per cent. per annum until repaid, is *held* to be sustained by the evidence.

APPEAL from a judgment of the circuit court for Eau Claire county: A. H. REID, Judge.  *Affirmed.*

Action to establish claim against the estate of one joint debtor.    The facts will be stated only so far as is necessary to present the questions raised on this appeal.    It appears that on or about April 16, 1902, C. W. Hunter & Company, a copartnership consisting of C. W. Hunter and E. W. Tschudy, entered into a contract in writing with *W. E. Smith Lumber Company,* a Wisconsin corporation, by the terms of

which Hunter & Company agreed to sell to the *Smith Lumber Company* all of the merchantable lumber which Hunter & Company might manufacture from certain timber which they had just purchased under an executory contract from the Rust Land & Lumber Company in Mississippi. Hunter & Company were to build a mill and proceed with the manufacture. They needed money to carry on the operation. By the contract the *Smith Lumber Company* agreed to make certain advances in order to make the first payment on the timber and to enable Hunter & Company to build a mill and put it in operation, and certain advances thereafter on monthly estimates of lumber put on sticks. The mill was built in the year 1902, sawing was begun in December, 1902, and finished in August, 1909, during which time and immediately thereafter sixty million feet of lumber was manufactured and delivered to the *Smith Company.* The deceased, Daniel Fitzhugh, was not originally a member of the partnership of Hunter & Company, but became a member thereof by purchasing the interest of C. W. Hunter therein and by then and there legally assuming liability for the indebtedness of the said partnership and for the further performance of the contract; so that he may be treated as a partner from the beginning. Daniel Fitzhugh died in March, 1909, being then a resident of Eau Claire county, and the latter part of the contract on behalf of said Hunter & Company was carried out by the surviving partner, Tschudy. No settlement of the affairs of the partnership of Hunter & Company has ever been made, and said partnership has no assets excepting about 3,100 acres of land located chiefly in the state of Mississippi, the title to which is held by the plaintiff, *Smith Lumber Company,* as security taken in accordance with the terms of the aforesaid contract.

A claim was filed in county court against the estate of Fitzhugh for the amount due the plaintiff. It was contended, in the answer to the petition setting up the claim,

that if any liability existed on the part of the estate of Daniel Fitzhugh to the plaintiff it was a joint liability; that Tschudy is the sole surviving partner of C. W. Hunter & Company, residing at Memphis, Tennessee, and should be made a party, and that the claim of the plaintiff should be satisfied out of the partnership assets, and set out the fact that the partnership is still the owner of a large amount of land. There was a trial before the county court and judgment in favor of the plaintiff, from which the defendant appealed to the circuit court. In the circuit court the entire matter was retried, and the account between C. W. Hunter & Company and the plaintiff restated. Judgment was directed against the estate of Daniel Fitzhugh for the sum of $60,201.87, with simple interest at six per cent. per annum on the principal sum of $42,879.45 from April 17, 1916, to the date of judgment, but with a stay as hereinafter stated. Judgment was entered accordingly, absolute in form, but subsequently an order was entered staying the enforcement of the judgment "until further application shall be made to the court therefor, and report made of the steps taken and the progress made in the state of Mississippi to first exhaust the assets of C. W. Hunter & Company before resorting to the assets of Daniel Fitzhugh in the state of Wisconsin." From the judgment so entered the defendant appeals.

For the appellant there was a brief by *Sturdevant & Farr* of Eau Claire, and oral argument by *L. M. Sturdevant.*

For the respondent there was a brief by *Bundy & Wilcox* of Eau Claire and *W. H. Fitzhugh* and *Wilson & Armstrong* of Memphis, Tennessee, and oral argument by *Julian C. Wilson* and *Roy P. Wilcox.*

ROSENBERRY, J. The errors relied upon are three: (1) The court erred in rendering judgment against the defendant until plaintiff had exhausted its remedy against the surviving partner of the firm of C. W. Hunter & Company.

(2) The court erred in refusing, to require the surviving partner of C. W. Hunter & Company to be made a party to this action. (3) The court erred in its construction of the contract as to the payment of interest by C. W. Hunter & Company.

The first and second assignments of error are discussed together, and involve a construction of sec. 3848, Stats., which is as follows:

"When two or more persons shall be indebted on any joint contract or upon a judgment founded on a joint contract and either of them shall die his estate shall be liable therefor, and the claim may be allowed by the court as if the contract had been joint and several or as if the judgment had been against him alone, and the other parties to such joint contract may be · compelled to contribute or to pay the same if they would have been liable to do so upon payment thereof by the deceased."

It appears without dispute that the debt owing from C. W. Hunter & Company to the plaintiff was the joint debt of Tschudy and Fitzhugh, copartners.' It is claimed by the appellant that the estate of Daniel Fitzhugh is not liable at law to the plaintiff, and that if any action at all can be main- · tained against the estate it must be maintained upon equitable grounds. *Sherman v. Kreul,* 42 Wis. 33. That a partnership creditor can enforce payment against the estate of a deceased partner only when it is made to appear that the surviving partner is insolvent. *Voorhis v. Childs' Ex'r,* 17 N. Y. 354; *Pope v. Cole,* 55 N. Y. 124; *Costigan v. Lunt,* 104 Mass. 217. It is further contended that plaintiff must first exhaust the securities held by it before it can resort to a claim against the estate of the deceased partner. *Wilder v. Keeler,* 3 Paige Ch. 167, 23 Am. Dec. 781; *Ladd v. Griswold,* 4 Gilm. (Ill.) 25, 46 Am. Dec. 443; *Lawrence v. Trustees,* 2 Denio, 577; *Bradley v. Burwell,* 3 Denio, 261.

Whatever the rule may have been at common law is immaterial, if under the provisions of sec. 3848, Stats., the plaintiff has a right to establish his claim as against the es-

tate of the deceased copartner.    If the statute does not mean that a claim may be established against the estate of a deceased joint debtor as if the liability were several, and that in the event the estate is compelled to pay the same it may have contribution therefor, it is difficult to give it any meaning at all.    The claim of the plaintiff in this case is clearly not contingent.    *Austin v. Saveland's Estate,* 77 Wis. 108, 45 N. W. 955.

In the case before us two persons were indebted on a joint contract and one of them died.    The statute provides that his estate shall be liable therefor, and that the claim may be allowed as if the contract had been joint and several, which has been done in this case.    Exposition cannot make the matter plainer than it is made by a statement of the facts and a consideration of the statute.    The claim was correctly allowed against the estate, and it might be proved without making the surviving partner a party to the action.

After providing for the advancement of $5,000 with which to complete the mill, the contract contained the following agreement:

"And the second parties [plaintiff] agree that it will hereafter advance on monthly estimates to be made by itself on the lumber manufactured during the preceding month, as much as five and 50-100 ($5.50) dollars per one thousand feet on the lumber manufactured and put on sticks.    On all such advances the first parties shall pay interest at the rate of six per cent. per annum, but on advances made on monthly estimates the interest shall cease to run after the lapse of ninety days from the date of each advance."

Advances were made greatly in excess of the amounts that were due under the contract.    The defendant contends that the phrase "as much as five and 50-100 ($5.50) dollars per one thousand feet" implies that if a greater sum is advanced it is advanced under the same terms as the $5.50, and that therefore the advances cease to bear interest after the lapse of ninety days from the date of each advance.    We do not

find it necessary to determine whether or not that is a correct construction of the contract.     The trial court found:

"And it became agreed and understood between the parties that upon all such excess advances [in excess of $5.50 per . thousand feet] Hunter & Company should be charged with interest at the rate of six per cent. per annum until repaid. The advances were thereafter made by *Smith Company* as the pressing necessities of Hunter & Company required, and upon requests of Hunter & Company and without waiting for or particularly having reference to estimates of lumber put on sticks."

There is ample evidence in the record to sustain this finding of the trial court, and it disposes of the question as to whether or not interest upon excess advances was properly allowed, adversely to the claim of the defendant.

*By the Court.*—Judgment affirmed.