## DUKELOW v. SEARLES.

*(Supreme Court, General Term, Fifth Department.     October 21, 1892.)*

ADMINISTRATORS—LIABILITY FOR COSTS.
  The fact that a claim of $196, made by plaintiff against an estate for board furnished to one not a member of his family, is reduced by a referee to $178.50, is not such a material reduction as to justify the denial by the administrator of all liability under the claim when first presented; and costs, therefore, are properly awarded against him, under Code Civil Proc. § 1836, as for unreasonable resistance to the said claim.

Appeal from special term, Monroe county.

Submission by Peter Dukelow of a claim, under the statute, against William Searles, administrator of Ann Searles, deceased. From an order confirming the report of a referee in favor of plaintiff, and awarding him costs, defendant appeals. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

W. H. Whiting, for appellant.     J. J. Snell, for respondent.

MACOMBER, J. The claim made by the plaintiff against the estate of Ann Searles, the intestate, arose out of a bill for unpaid board, lodging, and care at the plaintiff's house from time to time between January 1, 1887, and July 4, 1889, being for 51 weeks in all, and found by the referee to be of the value of $3.50 per week, and amounting to the sum of $178.50. But the claim which was rendered by the plaintiff to the administrator was for the sum of $196, and hence the principal contention made by the learned counsel for the appellant is that costs should not have been awarded by the special term against the administrator. The question is, therefore, whether the payment of the claim was unreasonably resisted by the administrator. If it was, costs were properly awarded to the plaintiff, under section 1836 of the Code of Civil Procedure; otherwise not. The only ground for urging in the administrator's behalf that he was justified in contesting the claim is the fact that the original claim, as presented, was reduced, by the findings of the referee, by the sum of $17.50. This, it seems to us, is not such a material reduction of the claim presented as to justify the administrator in the attitude which he took when the bill was first presented to him for payment. There was on his part an absolute denial of all liability of his estate to pay the plaintiff anything for the board, lodging, and care which the plaintiff, without being a member of the family of the deceased, had, with the knowledge of the defendant, bestowed upon her. The order appealed from should be affirmed.

Order appealed from affirmed, with costs. All concur.