HENRY H. HUSTIS, Appellant, *v.* AARON E. ALDRIDGE et al., as Executors, etc., Respondents.

Where a disputed claim against the estate of a deceased person has been referred, pursuant to the Code of Civil Procedure (§ 2718), the proceeding becomes an action in the Supreme Court, and the practice laid down by the Code for cases in that court which have been referred by stipulation must be followed.

Where, therefore, in such a case two of three referees appointed declined to serve, *held,* that in the absence of any provision to the contrary in the stipulation for the reference, the court had the power to appoint other referees, and that the exercise of this power was not discretionary, but mandatory.   (§ 1011.)

(Argued January 14, 1895; decided January 29, 1895.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, made December 10, 1894, which affirmed an order of Special Term which denied a motion by plaintiff for the appointment of two referees in place of two who, having been previously appointed, declined to serve.

The facts, so far as material, are stated in the opinion.

*Milton A. Fowler* for appellant.   The effect of the order vacating the stipulation and order of reference was to discontinue the action, which was beyond the power of the court to

do against the protest of plaintiff, who had a vested right to have the action thus begun continued to a conclusion. (Code Civ. Pro. § 2718; *Bucklin* v. *Chapin*, 1 Lans. 443; *Burnett* v. *Gould*, 27 Hun, 366.) It was the distinct statutory duty of the court, upon the plaintiff's showing that two of the referees had declined, to appoint two other persons as referees in their stead, under section 1011 of the Code, where it is provided that, "if the referee named in a stipulation refuses to serve, the court must appoint another referee, unless the stipulation expressly provides otherwise." (*Preston* v. *Morrow,* 66 N. Y. 452; *Masten* v. *Buddington,* 18 Hun, 105; *Adams* v. *Brady,* 67 id. 521; 139 N. Y. 608.) The refusal of two of the referees to serve did not destroy the appointment of the one, who is an attorney, and entirely competent to hear and determine the issues. Code Civ. Pro. § 1011.)

*Frederick Barnard* for respondent. The case was one where a compulsory reference could not be ordered. (Code Civ. Pro. § 2718.) The reference was made upon an agreement that there should be three referees to be agreed to by the executors as well as the claimant. If this had been stated in the stipulation, the court would have had no power to replace a referee, under section 1011 of the Code of Civil Procedure. When there was such an agreement, the court would give effect to it, even if not expressed in the stipulation. (*Barry* v. *M. L. Ins. Co.,* 53 N. Y. 536; *Chase* v. *Defendorf,* 128 id. 652.) It was within the power of the court to relieve the parties or any of them from the stipulation. (*Gesner* v. *Schermerhorn,* 138 N. Y. 431.) The order of the General Term affirming the order of the Special Term is not appealable to this court. (*Mayor, etc.,* v. *Smith,* 138 N. Y. 676; *Moore* v. *Moore,* Id. 679; *Dawson* v. *Parsons,* 137 id. 605; *Crocker* v. *Gollner,* 135 id. 662.)

BARTLETT, J. This is an appeal from an order of the General Term, second department, affirming an order of the Special Term denying a motion by the plaintiff for the

appointment of two referees in place of two of three previously appointed who declined to serve.

The order appealed from also vacated the order of reference and the stipulation in pursuance of which it was made.

The plaintiff presented to the executors a claim against the estate of Thomas Aldridge, deceased; it was disputed and referred under the statute.

In order to determine whether the action of the court below can be sustained it is necessary to examine the provisions of the Code of Civil Procedure regulating the practice in such cases.

The mode of ascertaining debts by executors and administrators is now prescribed by section 2718 of the Code.

After providing for the presentation of claims the section reads as follows: "If the executor or administrator doubts the justice of any such claim he may enter into an agreement in writing with the claimant to refer the matter in controversy to one or more disinterested persons, to be approved by the surrogate. On filing such an agreement and approval in the office of the clerk of the Supreme Court, in the county in which the parties, or either of them, reside, an order shall be entered by the clerk referring the matter in controversy to the person or persons so selected. On the entry of such order the proceeding shall become an action in the Supreme Court. The same proceedings shall be had in all respects; the referees shall have the same powers, be entitled to the same compensation and subject to the same control as if the reference had been made, in an action in which such court might, by law, direct a reference."

These provisions were strictly followed in the case at bar and the decision of the court below must be regarded as made in an action pending in the Supreme Court.

Two of the three original referees having refused to serve, what was the remedy open to the plaintiff?

Very clearly to follow the practice as laid down for cases at issue in the Supreme Court.

Section 1011 of the Code, after providing for the appoint-

ment of referees, reads as follows :   " If the referee named in a stipulation refuses to serve, or if a new trial of an action tried by a referee so named is granted, the court must appoint another referee, unless the stipulation expressly provides otherwise."

Prior to the amendment of section 1011 incorporating the above provision, it was held that the refusal of the referee to act vacated the order in a non-referable action, as the stipulation upon which it was made was a waiver of the right of trial by jury upon the condition that the case should be tried by the referee named.

This general rule was, however, limited, and in the trial of disputed claims by referees under the statutes relating to executors and administrators it was provided that " the court may set aside the report of the referees or appoint others in their places."   (2 R. S. 91, § 37.)

The amendment to section 1011 of the Code, already quoted, made a radical change in the practice and imposed upon the court the duty of appointing a referee to fill a vacancy caused by a refusal to serve.   This power of appointment is not discretionary, but the court must appoint; the section is mandatory.

It will be observed that this provision works no hardship, as the amendment only makes it the duty of the court to appoint if the stipulation fails to provide otherwise.

It is, therefore, always within the power of the parties to protect themselves against the exercise of this power of the court by inserting the necessary provisions in the stipulation.

In the case at bar the stipulation does not contain such provisions, and it was the duty of the court to appoint two referees in the places of those who had refused to serve.

What the court did was to vacate an order of reference which named three referees, one of whom was still in office, and the stipulation upon which it was granted, and the result of its decision was to discontinue an action pending in the Supreme Court.

We are of opinion this was wholly without warrant of law.

The order appealed from and the order of the Special Term should be reversed, with costs, and the motion be remitted to the Special Term to appoint two referees in the places of those who declined to act.

All concur.

Ordered accordingly.