ADDIE S. RUTHERFORD, Appellant, *v.* HENRY C. SOOP, as Executor, etc., of JOHN M. RUTHERFORD, Deceased, Respondent.

*Statutory reference — Code of Civil Procedure, § 2718, as amended by chapter 686 of 1893, does not require pleadings — neither an answer nor a bill of particulars ordered.*

Section 2718 of the Code of Civil Procedure, as amended by chapter 686 of the Laws of 1893, does not change the existing rules in regard to the reference of disputed claims against the estates of decedents. The claim, the rejection thereof and the stipulation to refer are to be treated as superseding the necessity of pleadings on either side, and the party rejecting the claim is at liberty to assert any defense thereto.

Such section as amended does not require either party to furnish pleadings, and, although such section provides that "on the entry of such order the proceeding shall become an action in the Supreme Court," what has then taken place in relation to the issue between the parties remains in full force and vigor. The plaintiff is not required to serve a complaint nor the defendant an answer. The distinction between statutory references and others which are inherent in the nature of the proceeding is not obliterated by the general language of the statute giving referees therein the same powers possessed by referees in actions.

Where a disputed claim against the estate of a decedent is referred under the statute, the refusal of the Special Term, upon the motion of the plaintiff, to order the defendant to serve an answer is proper.

*Semble,* that the rule is the same as to the service of a bill of particulars.

APPEAL by the plaintiff, Addie S. Rutherford, from an order of the Supreme Court, made at the Chenango Special Term and entered in the office of the clerk of the county of Delaware on the 8th day of January, 1894, denying the plaintiff's motion to compel the defendant to make a specific answer under oath to the plaintiff's claim, and requiring the defendant "to make and serve upon the plaintiff herein a duly verified amended answer herein setting forth

and separately stating all defenses claimed to be made by the said defendant to the matters alleged in the plaintiff's complaint herein; or that the defendant fully and fairly apprise, in writing, the plaintiff of all grounds upon which he will insist on the trial of this action in opposition to the above-mentioned claim of the plaintiff; or that the defendant fully and fairly apprise the plaintiff of his reasons for disputing the said claim."

A claim against the testator was exhibited to the executor on the 20th day of April, 1893, and a notice of the dispute of the claim was served on the 28th of April, 1893; the agreement to refer was signed October 13, 1893, and was approved by the surrogate October 16, 1893. The claim as made was as follows:

" The ESTATE OF JOHN M. RUTHERFORD, Deceased.

|  |  | |
|---|---:|:---|
| "To Mrs ADDIE S. RUTHERFORD. | | *Dr.* |
| "To board, lodging, washing, mending, clothing, use of rooms, care and nursing during sicknesses and other occasions of and for the said deceased and his wife, from November 20, 1880, to and including January 28, 1893, eleven years, one month and twenty-eight days.................. | $10,000 | 00 |
| "To services rendered the said deceased in assisting in the care of his business during the same period. | 2,000 | 00 |
|  | $12,000 | 00 |

|  |  | |  | |
|---|---:|:--|---:|:--|
| "Upon which the following payments have been made: | | | | |
| Oct. 27, 1885 ...................... | $30 | 00 | | |
| July 16, 1890................... .... | 10 | 00 | | |
| Nov. 27, 1890...................... | 20 | 00 | | |
|  | | | 60 | 00 |
|  | | | $11,940 | 00 " |

Subjoined to the claim was the affidavit of the plaintiff in the usual form in such cases, sworn to the 20th day of April, 1893. The notice served by the executor was in the following language:

" To Mrs. A. S. RUTHERFORD:

" You will please take notice that I doubt the justice and validity of your claim of $11,940 against the above-named estate, and I do

hereby dispute the same, and offer to refer it under the statute to some suitable and proper person as referee, to be approved by the surrogate.

"H. C. SOOP, *Executor.*"

Thereafter an instrument reciting the presentment of the claim and the dispute and rejection thereof was signed, in which instrument it was stated and agreed that "the said matter in controversy be referred to Hon. William C. Lamont, of Cobleskill, N. Y., counselor. at law, as sole referee to hear and determine the same. Dated Oct. 13, 1893." In the affidavit presented in behalf of the defendant at the Special Term it was stated that the defendant demanded a bill of items, but no itemized account had been presented or any bill of particulars served, and the executor added "That deponent cannot safely make or serve a verified answer to the claim or complaint of the above-named plaintiff until he is furnished with an itemized account of such claim, showing when such cause or causes of action accrued, what the services rendered were for and by whose request, and the extent and character of the business transacted by said plaintiff for the said John M. Rutherford." In the memorandum prepared by the judge who heard the motion at Special Term he said : " I do not think the court has the power to grant the relief which the plaintiff here asks. * * * If I am wrong in my judgment of the power of the court, the same considerations would lead to the refusal to exercise the discretion of the court to grant the plaintiff's request."

*Robert T. Johnson*, for the appellant.

*F. M. Andrus*, for the respondent.

Hardin, P. J. :

In *Bucklin* v. *Chapin, Administratrix* (1 Lans. 443), it was held that a reference under the statute stands in place of an action, and the entry of an order to refer must be deemed its commencement.

In *Tracy* v. *Suydam* (30 Barb. 110) it was held that where parties agree to refer under the statute "the agreement to refer need not notice matters of defense to the claim. The account presented is, in effect, the plaintiff's complaint, and there being no pleadings,

and no provision in the statute for pleadings, the defendant is limited to no particular defense; and, consequently, any and every legal defense against the claim must necessarily be available." And it was also said in that case: "And every species of legal proof adapted to show the injustice of the claim, or its invalidity as a whole, or in degree or amount, is admissible." And the executors are " at liberty to make any defense that their testator or intestate could himself make, if alive, and the same were properly pleaded, in an action upon such claim."

In *Roe* v. *Boyle* (81 N. Y. 307) a similar reference had been ordered, and the court said: " This is not an ordinary proceeding It is specially regulated by statute. (2 R. S. 89, 90.) In cannot be commenced by summons. It can only be commenced by the consent of the parties and the approval of the surrogate. It can be tried in no other way than before a referee. There are no pleadings, and the representatives of the estate proceeded against can prove against the claim any defense which they have without pleading it in any form."

In *Mowry* v. *Peet* (88 N. Y. 454) it was said that " In trying and adjudicating upon these matters which are within the scope of the reference, the statute (2 R. S. 88, § 36) confers upon the referee and the court the same powers as if the reference had been made in an action. But the proceeding is not an action."

Section 36 of the Revised Statutes (Vol. 3 [7th ed.], p. 2299) provided for an agreement being entered into and for the entry of an order; and section 37 provided that the referee should proceed to hear and determine the matter, and that the proceedings should be the same in all respects, and the referee should have the same powers and be entitled to the same compensation and subject to the same control " as if the reference had been made in an action in which such court might, by law, direct a reference." In references under that statute it was held by the Court of Appeals in two cases that a bill of particulars could not be required (*Townsend* v. *N. Y. Life Ins. Co.*, 4 N. Y. Civ. Proc. Rep. 403 ; *Eldred* v. *Eames*, 115 N. Y. 403), and in the latter case it was held that the referees " could not change the items of an account presented and referred. The exercise of such power by the referee would enable a claimant to obtain a reference of claims against an estate without the consent of the defendant or

the approval of the surrogate, which is made by the statute the condition of such a proceeding. It is the claim which is rejected by the executor that may be referred and none other."

In *Gilbert* v. *Comstock* (93 N. Y. 484) it was held that, prior to the Code of Civil Procedure, "a contestant of a claim presented by an executor against the estate was not required to present a written answer or formal objections; the claim was open to any answer or defense, and was subject to be defeated if, at the testator's death, the Statute of Limitations had run against it."

In chapter 686 of the Laws of 1893, approved May 11, 1893, section 2718 of the Code of Civil Procedure was amended, and, as amended, contained the following language: "If the executor or administrator doubts the justice of any such claim, he may enter into an agreement in writing with the claimant to refer the matter in controversy to one or more disinterested persons, to be approved by the surrogate. On filing such agreement and approval in the office of the clerk of .the Supreme Court in the county in which the parties or either of them reside, an order shall be entered by the clerk referring the matter in controversy to the person or persons so selected. On the entry of such order the proceeding shall become an action in the Supreme Court. The same proceedings shall be had in all respects, the referees shall have · the same powers, be entitled to the same compensation, and subject to the same control as if the reference had been made in an action in which such court might, by law, direct a reference."

It is contended by the learned counsel for the appellant that immediately upon the entry of an order for a reference "the matter became and was an action in the Supreme Court in every sense and in respect to all proceedings," and in support of his contention he calls our attention to *Adams* v. *Olin* (29 N. Y. Supp. 131; S. C., 78 Hun, 309), and the judge who delivered the opinion in that case in respect to a question of costs stated that the proceeding ceased to be a special proceeding and became an action and was to be tried as such in respect to all subsequent proceedings. We find nothing, however, in the opinion which indicates that the section was construed in any respect, except so far as it relates to a different rule as to costs from the one existing under the Revised Statutes. Nor do we find anything in the language of the section which indicates an

intention on the part of the Legislature to overturn the well-settled rule as appears by the cases to which we have already referred, and numerous other cases, where it has obtained in regard to such references. We are of the opinion that the claim, the rejection thereof and the stipulation to refer are to be treated as superseding the necessity of pleadings on either side and that the party rejecting the claim is at liberty to assert any defense, and that nothing is found in the section as amended which requires either party to furnish pleadings, and that the contention of the appellant is unsound and the conclusion reached at the Special Term was correct. Although the statute in terms provides that " on the entry of such order the proceeding shall become an action in the Supreme Court," we think what has transpired in relation to the issues between the parties remains in full force and vigor, and that neither is the plaintiff required to serve a complaint nor the defendant an answer. We may appropriately repeat the language used in *Eldred* v. *Eames* (*supra*), where it is said : " It is the claim which is rejected by the executor that may be referred and none other. If the power of amendment is allowed, the whole subject of the controversy may be changed during the trial, to the manifest detriment of the defendant and in violation of statutory authority, to order a reference. The trial might thus be had upon claims that were not presented to or rejected by the executor and whose reference was never approved by the surrogate. These conditions are made by the statute' essential to the power to refer, and cannot be dispensed with or subverted. The distinction between statutory references and others, which are inherent in the nature of the proceeding, is not obliterated by the general language of the statute giving referees therein the same powers possessed by referees in actions." The plaintiff has availed herself of a provision of the statute for a reference with a view, doubtless, of obtaining a more summary determination of her claim, and it must be assumed that such course was adopted for proper reasons and with the expectation that the provisions of law would apply to such a reference. If she had preferred to have the rules and practice in actions apply from the beginning to the end of her efforts to recover her claim, she might have brought an action instead of joining with the executor in an agreement to refer. (*Dryer* v. *Brown*, 10 N. Y. Supp. 52; S. C., 5 id., on first appeal,

486.) We are of the opinion that the Special Term properly refused to order the defendant to serve an answer or deliver a bill of particulars.

MARTIN and MERWIN, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.