(21 Misc. Rep. 178.)

FISHER v. BENNETT.

(Supreme Court, Special Term, New York County. August, 1897.)

CLAIMS AGAINST DECEDENTS—REFERENCE—COSTS.

Under Code Civ. Proc. § 2718, as amended in 1893, authorizing an executor to enter into an agreement with a claimant to refer the claim, and providing that in determining the question of costs the referee shall be guided by sec-tions 1835 and 1836, and that judgment may be entered on his report, the referee may award costs against an executor who unreasonably resists pay-ment of a claim, though section 1836 apparently gives such power to the court alone.

Application by Isabella H. Fisher for an extra allowance of costs in an action on a claim against Jesse C. Bennett as executor of Frank L. Fisher, deceased, payment of which was unreasonably resisted. Granted.

Abner C. Thomas, for plaintiff.
Leventritt & Nathan, for defendant.

RUSSELL, J. Since the amendment of 1893 to section 2718 of the Code of Civil Procedure, the referee has power to award costs against an executor on a claim referred, and judgment is entered on the report of the referee. Although section 1836 apparently gives power to the court alone to award costs, it must be construed in conjunction with section 2718. Whitcomb v. Whitcomb, 92 Hun, 446, 36 N. Y. Supp. 607; Winne v. Hills, 91 Hun, 93, 36 N. Y. Supp. 683; Niles v. Crocker, 88 Hun, 314, 315, 34 N. Y. Supp. 761; Ellis v. Filon, 85 Hun, 489, 33 N. Y. Supp. 138. The merits of the original award of costs are not before this court, and it must be conceded that those costs were rightly awarded. The case presented shows that it is one of those in which an additional allowance is proper, if the plaintiff is entitled to costs at all. An additional allowance of $150 is therefore granted.