(24 Misc. Rep. 220.)

CARTER v. BARNUM.

(Supreme Court, Special Term, Onondaga County. July, 1898.)

1. EXECUTORS—CLAIMS AGAINST ESTATE—OPERATION OF STATUTE.
   The amendment of May 17, 1897, to Code Civ. Proc. § 1836, requiring the consent of an executor that a rejected claim may be determined on the settlement of his accounts to be filed at least ten days before the expiration of six months from the rejection of the claim, applies to a claim rejected a month before the amendment was enacted.

2. SAME—COSTS—CONSTRUCTION OF STATUTE.
   The word "may," in Code Civ. Proc. § 1836, empowering a court to award costs on a recovery on a claim rejected by the executor, where a consent to a determination of the claim at the settlement of the executor's accounts is not filed as required, means "shall."

Action by George C. Carter against Horatio N. Barnum, as executor. Judgment for plaintiff. On motion to charge defendant with costs. Granted.

P. C. J. De Angelis, for the motion.
Josiah Perry, opposed.

HISCOCK, J. The plaintiff has, upon a trial before a referee, secured a recovery of $40, upon a much larger claim, which was rejected by defendant; and he now seeks an allowance of costs, under sections 1835 and 1836, upon the ground that defendant did not file a consent, after rejection of the claim, to have the same determined upon the final settlement of his accounts. The claim was rejected by the executor April 21, 1897. May 17, 1897, the amendment to section 1836 of the Code took effect, requiring the consent above mentioned to be filed at least ten days before, instead of simply before, the expiration of six months from the rejection of the claim. Within ten days before the expiration of the six-months limitation this action was commenced. No consent to have the claim passed upon in the manner above prescribed was ever filed in behalf of defendant. An offer was made in his behalf, and accepted by plaintiff, for a reference, as provided by section 2718, Code. The necessary proceedings to consummate such reference, however, were never taken, but seem to have been abandoned, and those taken have not been urged in any manner as a bar to bringing this action. Under these circumstances, I conclude:

1. That the amendment of May 17, 1897, requiring the filing of the consent to have the claim determined upon the settlement of the defendant's accounts, as executor, ten days before the expiration of six months from the rejection of the claim, applies, although the claim had been rejected before the passage of that amendment. Lazarus v. Railway Co., 145 N. Y. 581, 40 N. E. 240; Southwick v. Southwick, 49 N. Y. 510; Kelly v. Brownlow, 54 N. Y. Super. Ct. 129; Shultz v. Railroad Co., 17 Wkly. Dig. 207; Smith v. Railroad Co., 63 N. Y. 58.

2. That the word "may," in section 1836, providing that the court may award costs in either of the contingencies therein men-

tioned, in the light of the adjudications upon this and kindred
provisions should have the effect of "shall," upon this motion.    Ely
v. Taylor, 42 Hun, 205; Brinker v. Loomis, 43 Hun, 247.

3. That the proceedings for a reference cannot be construed as
waiving or barring plaintiff's right to the benefit of section 1836.

The motion is therefore granted, to the extent of allowing plain-
tiff costs, payable only out of the decedent's property, and with-
out costs of this motion.

Motion granted, to extent of allowing plaintiff costs, payable out
of the decedent's property, and without costs of this motion.