BENJAMIN v. VER NOOY et al.

(Supreme Court, Appellate Division, Third Department. January 11, 1899.)

1. WITNESSES—TRANSACTION WITH DECEASED PERSON.
In an action against the administrator of a surety on a note, the maker, who was not a party to the action, is not incompetent to testify that he informed the surety that the note had been diverted from its original purpose, and that the surety assented, under Code Civ. Proc. § 829, prohibiting a witness interested in the result of a suit against an administrator from testifying as to transactions with the decedent.

2. BILLS AND NOTES—SURETY'S OBLIGATION.
The obligation of a surety on a note is to the payee, and not the maker, and hence is of no validity until after the note has been delivered.

3. SAME—JUDGMENT AGAINST SURETY—EFFECT.
A judgment against a surety on a note is not binding on the maker, where he was not a party to the suit.

4. COSTS AGAINST AN ADMINISTRATOR.
Code Civ. Proc. §§ 1835, 1836, provide that costs shall not be awarded against an administrator, except where he unreasonably resists a claim or refuses to refer it. Held not to forbid the allowance of costs on appeal by an administrator, or motion for a new trial, but to refer solely to costs of trial preceding judgment.

Appeal from trial term, Cortland county.

Action by Horace Benjamin against Catherine C. Ver Nooy, administratrix, and Almon H. Sanders, administrator c. t. a. of Hiram Crandall, deceased. From a judgment for plaintiff, and from an order awarding costs against defendants, they appeal. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Edwin Duffey, for appellants.
Kellogg & Van Hoesen, for respondent.

LANDON, J. This action is against the administrators with the will annexed of Hiram Crandall, deceased, upon a promissory note in these words:

"$4,000.
"Jointly and severally we promise to pay Nellie Petit or bearer four thousand dollars, with use, one year from date, for value received.
"Dated January 5, 1880.              Lyman Calkins.
"Calvin L. Hathaway.
"Hiram Crandall, Surety."

One of the defenses was that the note was signed and delivered to Lyman Calkins, the first signer of the note, by Crandall, as his accommodation surety, for the sole purpose of enabling Calkins to borrow money thereon of Nellie Petit, the payee named therein, and that Calkins diverted the note from that purpose by delivering it to the plaintiff in consideration of an antecedent debt. Upon a former trial,—upon evidence that the surety signed the note for the sole purpose of enabling Calkins to obtain the money upon it from Nellie Petit, and, failing in this, Calkins delivered it to the plaintiff in part payment of an antecedent debt due from Calkins to him, without the consent of the surety, the plaintiff having knowledge of the

facts,—judgment was directed for the plaintiff, but it was reversed upon appeal. 126 N. Y. 60, 26 N. E. 970.

Upon this trial the plaintiff called Calkins as a witness in his behalf, and he testified that Crandall, when he signed the note, advised him, in case he could not get Nellie Petit to take the note, to apply to the plaintiff, and that after he had tried, but failed to get her to take the note, he procured the plaintiff to take it, and that he immediately told Crandall the facts in full about receiving part of the consideration in money, and the other part in the antecedent debt of about $2,000 due from him to the plaintiff, and Crandall said that it was all right. This testimony, which was apparently decisive of the case, was duly objected to, under section 829 of the Code. The objection was overruled, upon the authority of Wilcox v. Corwin, 117 N. Y. 500, 23 N. E. 165. This case is to the effect that the payee of a note does not derive title "from, through, or under" the maker, since in the hands of the maker his own promise is worthless, and acquires life and value only by delivery to the payee, who thus acquires original, and not derivative, title to the note. Here the payee is Nellie Petit or bearer, and the plaintiff, upon delivery to him, became the original bearer or payee. The defendants adduced evidence tending to prove that Calkins paid Crandall $40 to sign the note as surety, and urged that that payment gave him a property interest in the note before its delivery to the payee. But the surety's promise, like the principal's, was worthless before the delivery of the note. The promise was to the promisee, and, until it reached his hands, there was none. In the case cited, it did not appear that the deceased maker, whose executors alone defended, was surety for the witness, the other maker of the note; and the court held the latter incompetent to testify against the representative of the deceased joint maker, because it did not appear but that, as between themselves, each maker was liable, and therefore each owed to the other the duty of contribution, and hence the witness was interested to make the deceased equally liable with himself. The defendants contend that, although Calkins was not in like manner interested, he was interested, because, if the plaintiff should fail to recover of these defendants, Calkins would be liable over to the plaintiff for all his costs and expenses in this action. Calkins is not a party to this action. The result would in no way affect his liability upon the note. He could be held liable only for the costs and expenses of the plaintiff in this action upon proof that he had practiced a fraud upon the plaintiff in inducing him to take the note, or had warranted his title thus to use it. White v. Madison, 26 N. Y. 117. The judgment in this action would not be evidence against Calkins of either fraud or warranty, and therefore he had no disqualifying interest. Nearpass v. Gilman, 104 N. Y. 506, 10 N. E. 894; Hobart v. Hobart, 62 N. Y. 80. Calkins could show in such action against him, as the defendants sought to show in this, that the plaintiff knew all the facts respecting the alleged diversion of the note.

It is urged that the defendants, upon their payment upon this note, could sue Calkins, and use this judgment as evidence that they

were compelled to do so, and therefore Calkins was disqualified. There is no evidence that the defendants called upon Calkins to defend this action, or did anything tantamount to such notice, and therefore the judgment does not bind Calkins. Wallace v. Straus, 113 N. Y. 238, 21 N. E. 66. Moreover, the objection was not understood to rest upon the ground that Calkins was interested with the defendant, but against him. The test is whether he was a competent witness for the plaintiff, not whether, if defendants had called him, the plaintiff might have had a valid objection.

We have examined the other exceptions urged by the defendants. Some of them rest upon disputed questions of fact which the court was not asked to submit to the jury. One relates to an abstract proposition of law, the applicability of which to the facts was not pointed out. The others are clearly untenable. The case was for the jury, was properly submitted to them, and the judgment should be affirmed.

The court, upon plaintiff's motion for costs, denied the costs of the two trials, but granted the costs and disbursements upon two motions for a new trial, and of the appeal to the general term, where the judgment upon the first trial was affirmed, with costs, and to the court of appeals, where the judgment of the general term was reversed, and a new trial granted, with costs to abide the event. The defendants appeal from this order. The special term, in effect, held that the plaintiff was not entitled to the costs of the trials, but was as to the costs of the appeals. The court of appeals having reversed the former judgment, with costs to abide the event, the costs of that appeal are, upon this trial, determined in plaintiff's favor (First Nat. Bank of Meadville v. Fourth Nat. Bank, of New York, 84 N. Y. 470), unless the statute (Code, §§ 1835, 1836) forbids. Having finally succeeded, the plaintiff may be awarded the costs of the appeal to the general term, and of the unsuccessful motions of the defendants at special term for a new trial (Donovan v. Vandemark, 22 Hun, 307; Carpenter v. Assurance Co., 25 Hun, 194), unless the same statute forbids. Section 3246 provides that, in an action against an executor or administrator as such, "costs must be awarded as in an action by or against a person prosecuting or defending in his own right, except as otherwise prescribed in sections 1835 and 1836." The exemption from costs provided for by these sections is not absolute, but dependent upon the conditions therein expressed, to be determined by the court, and is "where a judgment for a sum of money only is rendered against an executor or administrator in an action brought against him in his representative capacity." That this has sole reference to the costs of the action up to the judgment is indicated by the provision (section 1836) "that the court may award costs against the executor or administrator" as such or personally, "as the court directs, having reference to the facts which appear upon the trial." The right to the costs of an appeal are not then considered or passed upon. Section 3238 provides that, "upon an appeal from the final judgment in an action * * * specified in section 3228 of this act, the respondent is entitled to costs upon the affirmance, and the appellant upon the reversal, of the judgment appealed from; except that

where a new trial is directed, costs may be awarded to either party absolutely or to abide the event." This includes "an action brought against an executor or administrator as such." Section 2863, subd. 5. The judgment of the court of appeals reversing the judgment of the general term, and, in effect, the order of the special term denying the first motion for a new trial, left the costs of those proceedings undetermined; and therefore an application to the court after the verdict upon the last trial, to make the determination, was proper, since when, after successive defeats or a reversal which vacates all previous orders respecting costs, a party finally prevails, he has the right to apply to the court for the proper order for costs in the proceedings by which he has been unjustly vexed. Helck v. Reinheimer, 14 N. Y. St. Rep. 465; Brown v. Trust Co. (Sup.) 9 N. Y. Supp. 337. The Code, except in the excepted cases, exempts the executor from the costs of the action, upon judgment against him rendered upon the trial. After such judgment, if he appeal, he is the moving party; and if, upon final judgment, it appears that he has appealed in vain, the costs of such appeal may be awarded against him, notwithstanding the exemption accorded him in the first instance. This view was taken in Hunt v. Connor, 17 Abb. Prac. 466, and Judah v. Stagg, 22 Wend. 641, and, we think, is still the law.

Judgment affirmed, with costs. Order affirmed, with $10 costs. All concur.