### FOWLER v. HEBBARD et al.

(Supreme Court, Appellate Division, Second Department. April 18, 1899.)

1. EXECUTORS AND ADMINISTRATORS—CLAIMS AGAINST ESTATE—REFERENCE.
   A claim of a ward of deceased, accruing in his lifetime, for a balance of the trust fund, is a claim "against deceased" (Code Civ. Proc. § 2718), which may be referred.

2. EVIDENCE—ACCOUNT BOOKS.
   The rule admitting traders' books does not apply to a book kept by a guardian containing his account with his ward.

3. GUARDIAN AND WARD—AGREED ACCOUNT.
   Evidence that a ward had access to her guardian's account book, examined the same, and made declarations showing knowledge of the items, and that her bills were habitually paid by him, and money furnished to her from time to time on request, sustains a finding that she knew of the entries in such book at or about the time they were made, and agreed to the same.

4. APPEAL—HARMLESS ERROR—ADMISSION OF EVIDENCE.
   Where a guardian's account book showed a payment by him for medical services to the ward, it is not reversible error to admit, in corroboration thereof, evidence of the person to whom the payment was made that it was made by the guardian, though the justice of the bill paid was not shown, where the ward gave no proof to the contrary.

Appeal from judgment on report of referee.

Claim by Albertina H. Fowler against the estate of Albert C. Smith, deceased, Newton Hebbard and another, executors. From a judgment in favor of the estate on the report of a referee, claimant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Walter C. Anthony, for appellant.
A. M. Card, for respondents.

HATCH, J. This was a reference of a disputed claim against the estate of testator, and, under the provisions of the Code, becomes an action pending in the supreme court. It is claimed that the remedy is not by reference, but is by compelling an accounting before the surrogate; and, in support of the claim, the respondents rely upon Shorter

v. Mackey, 13 App. Div. 20, 43 N. Y. Supp. 112. We think that this case is not controlling of this question. That was a proceeding to compel one executor to pay over moneys in his hands belonging to the estate of his testator. It was not an account or indebtedness which had accrued or which existed against the testator in his lifetime. It was therefore held that the remedy was by an accounting to compel the executor to account for, and transfer the property of, his testator. In the present case the claim is against the deceased, and the same became due and payable in his lifetime. While it is true that the indebtedness arose by virtue of his office as guardian, yet it is also true that it was a personal indebtedness, for which his estate is liable for any sum which may be established as due and payable. It is therefore clearly within the provisions of section 2718 of the Code of Civil Procedure, and as such was referable.

In the present case the deceased received the moneys of his ward, and invested them in real estate, taking title in his own name. That this was an improper investment of the trust funds may be conceded. It may also be conceded that he became liable to the plaintiff to account to her for the rents, issues, and profits arising out of the investment, had the plaintiff elected to enforce the same when she became of age. She arrived at the age of 21 years in October, 1886, and the evidence tended to establish, and the referee would have been authorized to find, that thereafter, with full knowledge of all the circumstances, she acquiesced in the disposition which had been made of the trust funds, and with full knowledge established a course of dealing with respect thereto between herself and the deceased under which she elected to take in money and the payment of bills, and for her support, the proceeds of the trust estate, and at no time did she object or make complaint of her guardian's dealings with the trust estate or the methods by which she received her share thereof. While it is true that the deceased was not justified in making the investment which he did of the trust funds, yet the evidence leaves no reasonable doubt but that he dealt with the same with perfect integrity, so far as the rights of the plaintiff were concerned, and that she had been paid in full the amount of the trust fund, with compound interest thereon at the date of the death of the deceased. In no particular is the account of the deceased with his ward impeached; and no person, including the plaintiff herself, who testified in respect of the course of dealing, would in any wise say that the account in any essential particular was wrong, or that the payments which the account of the deceased showed that he had made were not in fact made, except in a few particulars, and as to those the evidence is silent as to the particulars in which they were wrong, while the great bulk of the entries in the account were supported by the testimony of the plaintiff herself. She, with great frankness, confessed that she believed the book containing the account spoke the truth. It is not denied but that, if the account kept by the deceased between his ward and himself is to be taken as correct, she has been somewhat overpaid the amount of her patrimony, with compound interest. It is claimed, however, that the account of the deceased was not properly received in evidence. It may be conceded that the book, standing alone, could not be received in evidence, nor does its admissi-

bility depend upon the rules of law which admit in evidence traders' books of account. Smith v. Rentz, 131 N. Y. 175, 30 N. E. 54. The referee, however, has found that the account in question was kept by the guardian, "with the full knowledge and consent of the plaintiff, in a book introduced in evidence as Exhibit 42, and that the plaintiff had access to said book at all times, and that she knew of each and all the entries therein at or about the time such entries were made, and that she approved of the same and agreed to the correctness thereof." The appellant frankly admits that, if this finding is supported by sufficient testimony, then the book was properly received in evidence. Her claim, however, is that there is no evidence to support such finding. We find ourselves unable to give adherence to this view. On the contrary, the testimony was to the effect that the plaintiff had access to this book; that she was aware that it contained the account between herself and her guardian; that she had examined the same with the guardian when entries were made therein; and made statements and declarations in connection therewith which tended to establish, and which authorized the referee to find, that she had full knowledge of the items which went to make up such account. This position is very much strengthened by the course of dealing between the parties, because it is evident that the moneys which were essential and necessary for the support and maintenance of the plaintiff were furnished, from time to time, by the deceased, as she requested. She was evidently quite aware that tradesmen's bills, household supplies, and her general living expenses were paid by her guardian. The fact of his making payment to tradesmen generally obtained to such an extent that it seems to be conclusively established that both she and those with whom she traded understood that the bills which she incurred would be paid by her guardian, as she for a large portion of the time lived with him, and when she was away was in constant receipt of money from him, which leads very readily to the conclusion that she must have known of this account; and when these circumstances are supported by direct proof showing that she had access to the book, and did in fact examine it, and made entries in it, in connection with her guardian, we think the referee was authorized and justified in reaching the conclusion which he did upon that subject. Such facts are sufficient to authorize the finding that the correctness of the account, as entered in the book, was admitted by the plaintiff. Lockwood v. Thorne, 18 N. Y. 285; Stephens v. Ayers, 57 Hun, 51, 10 N. Y. Supp. 502. We therefore conclude that no error was committed in receiving in evidence the book of account, and in drawing therefrom the conclusions which the referee reached.

Nor do we find that the referee committed any error in his reception of testimony. The witness Mrs. Hewitt was the mother of the plaintiff, and, inasmuch as she confessed to taking the book containing this account and subsequently delivering it to the plaintiff, it was quite proper, upon cross-examination, to call her attention to the circumstances connected with her retention of the book and the delivery of it to her daughter; and, while some of the questions which were put to her called for her opinion and conclusion, yet we do not think they were prejudicial to the plaintiff, because the same matter was devel-

oped without objection, and the testimony so developed tended to establish the good faith of the dealing on the part of the deceased. So far as objection was made to the testimony of Dr. Codding, we think no error was committed. It appeared that he attended Mrs. Fowler during her illness, and that he was paid therefor by the deceased. This was corroborative proof of the correctness of the account, and if the plaintiff claimed that it was not a just charge, or that the service was not rendered, it seems fair to assume that she would have been quick to establish it. Prima facie, as such evidence stood, it was proper, and, while not as full and complete as it might have been, yet it furnishes no justification for the reversal of this judgment, when the plaintiff herself makes no complaint of it in any particular. We find no legal error which calls for a reversal of this judgment, but, on the contrary, we think that the conclusion reached by the referee was in all respects just, and is supported by the testimony. It follows, therefore, that the judgment should be affirmed.

Judgment affirmed, with costs. All concur.