(27 Misc. Rep. 714.)

### JENKINSON v. HARRIS et al.

(Supreme Court, Special Term, Ontario County. June, 1899.)

1. REFERENCE—CONFIRMING REPORT.

The court cannot confirm the report of a referee on a claim against executors, referred under Code Civ. Proc. § 2718, since the reference is therein given the same standing as a reference in an action, where judgment is entered on the report.

2. SAME—COSTS.

Under Code Civ. Proc. § 2718, as amended in 1893, giving a referee the right to adjudicate on costs, the referee's decision in regard thereto cannot be reviewed at special term.

Action by Elizabeth B. Jenkinson against Amelia Harris and another as executors of Edwin Harris, deceased. Motion to confirm referee's report, and to allow costs against defendants. Denied.

George L. Bachman, for the motion.
Arthur J. Hammond, opposed.

DUNWELL, J. Motion at special term to confirm report of a referee upon a claim against executors referred under the provisions of section 2718 of the Code of Civil Procedure, and for an order of

this court that costs be allowed against the defendant executors. The referee's report allows costs against the executors upon the ground that the claim was unreasonably resisted. Since the amendment of 1893 to section 2718, the referee possesses the right to adjudicate upon the question of costs. The reference is given the same standing and authority as a reference in an action, and judgment is to be entered upon the report. An application to confirm is made unnecessary, and the former practice of applying to the court for confirmation is no longer applicable to these references which have been rendered by the amendment the same, in effect, as the ordinary references in actions upon which judgments are rendered without application to the court, because the referee is empowered to determine the issues and decide the claim in place of the court. The court cannot review the decision of the referee. Consequently the court cannot confirm it.

As to costs, the referee is also authorized by the amendment to decide; and, where he does so, his decision cannot be reviewed at special term. It is only in a case where costs are not passed upon by the referee that an application to the court is still proper. Fisher v. Bennett, 21 Misc. Rep. 178, 47 N. Y. Supp. 114. It follows that the motion must be denied, but without costs.

Motion denied, without costs.