(29 Misc. Rep. 305.)

### EHRENREICH et al. v. LICHTENBERG et al.

(Supreme Court, Appellate Term. October 25, 1899.)

1. EXECUTORS AND ADMINISTRATORS—COSTS.

Under the Code prior to amendment of September 1, 1895, now embraced in Code Civ. Proc. § 1836, allowing costs against executors where payment of claims "was unreasonably resisted or neglected," the recovery of the full amount sued for in an action on a claim against an estate formally rejected by the executors does not show that payment thereof was unreasonably resisted or neglected, so as to entitle the plaintiff to costs.

2. SAME.

Under the Code prior to amendment of September 1, 1895, now embraced in Code Civ. Proc. § 1836, allowing costs against executors where they have "refused to refer the claim as prescribed by law," an offer by a claimant to refer his claim against an estate, without any action by the executors, except a mere formal rejection of the claim, does not amount to a refusal to refer it, so as to entitle him to costs on a judgment recovered thereon.

Appeal from city court of New York, general term.

Action by Moses Ehrenreich and another against Benjamin G. W. Lichtenberg and others, as executors. From an order of the general term reversing an order made at the special term awarding costs to plaintiffs (59 N. Y. Supp. 383), they appeal. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Jacob Fromme, for appellants.

Horwitz & Samuels (Otto Horwitz, of counsel), for respondents.

LEVENTRITT, J. The question presented by this appeal is the right of the plaintiffs to recover the costs of an action instituted against the defendants as executors. The application for costs was made at special term, the supporting affidavits disclosing these facts: Caroline Lichtenberg, the testatrix, died on the 2d day of June, 1893. Subsequently the defendants, having qualified as executors under her last will and testament, duly advertised for claims. Within the period required by statute, and on the 6th day of February, 1894, the plaintiffs presented to the executors a verified claim for goods furnished and services rendered. On the 6th day of August, 1899, the defendants, by a writing, formally rejected this claim. While the moving affidavits alleged no offer to refer it, this defect is supplied by an admission in the opposing affidavits to the effect that on the 10th day of September, 1894, the plaintiffs caused to be served on the defendants' attorneys a notice that the plaintiffs "are willing to refer to any competent person the question as to the

amount, validity, and justice of their claim." It nowhere appears, however, that the defendants refused to refer the claim, or rejected the offer. The only omission alleged against the defendants is that "they made no offer to refer this claim as provided by statute." On the 29th day of January, 1895, and just prior to the expiration of the time within which the claim could be enforced by action, this suit was commenced, and the trial resulted in a judgment in favor of the plaintiffs for the full amount prayed for. On this state of facts the judge at special term awarded costs to the plaintiffs. The defendants successfully appealed to the general term, and from the reversal there secured the plaintiffs, in turn, have taken this appeal.

The determination of the question here involved depends on the construction to be given to the Code provisions in force prior to their amendment on the 1st day of September, 1895. These provisions are embraced in sections 1835 and 1836 of the Code of Civil Procedure. The former, before amendment, provided that, where judgment for a sum of money only is rendered against an executor, costs should not be awarded, except as provided in section 1836. According to that section, an executor was liable for costs "where it appears * * * that the plaintiff's demand was presented within the time limited by a notice, published as prescribed by law, requiring creditors to present their claims; and that the payment thereof was unreasonably resisted or neglected, or that the defendant refused to refer the claim, as prescribed by law." It was incumbent on the plaintiffs to show compliance with the first condition. This was done. It was also incumbent on them to show that one or other of the subsequent conditions obtained. Horton v. Brown, 29 Hun, 654; Matson v. Abbey, 141 N. Y. 179, 36 N. E. 11. The plaintiffs failed to show either. There is both a deficiency of allegation and of proof. The only fact to establish unreasonable resistance or neglect was a recovery of the full amount sued for. This is insufficient. Without any other circumstance or incident to prove this averment, the plaintiffs have not discharged the burden resting on them. They must affirmatively show that the conduct of the defendants amounted to unreasonable resistance or neglect. A recovery of the full amount is by no means inconsistent with a reasonable and justified opposition.

Nor did the plaintiffs establish the remaining alternative,—refusal by the defendants to refer the claim. If there had been refusal, the simple declaration of that fact would have sufficed. But the plaintiffs' offer to refer, coupled with the statement that the defendants made no offer to refer, is not equivalent to a refusal, nor to an allegation of refusal. There was no occasion for any offer proceeding from the defendants, so an averment of its omission is superfluous. All that remains is the plaintiffs' offer, without any indication as to the consequent action of the defendants. The effect of the Code provision is to cast on a plaintiff the necessity of proving the refusal, and the mere rejection of the claim furnishes no evidence on the subject of a reference, or of the willingness of a defendant to refer. Proude v. Whiton, 15 How. Prac. 304; Stephenson v. Clark, 12 How. Prac. 282.

The other questions argued by the appellants need not be considered, as they are based on sections 1835 and 1836 as amended after the rights of the parties had become fixed. The order must be affirmed.

Order affirmed, with costs to the respondents. All concur.