(29 Misc. Rep. 560.)

### BRAINERD v. DE GRAEF et al.

(Supreme Court, Special Term, New York County. November, 1899.)

Costs—Certificate of Referee—Disputed Claims.

 Code Civ. Proc. § 2718, provides that in the settlement of an estate an executor or administrator may, by agreement with claimant, refer a disputed claim to persons to be approved by the surrogate; that on filing this agreement, and the making of the order of reference, the proceeding shall become an action in the supreme court, and the referee has the same powers as in an action in which by law the court might direct a reference, and that the referee shall be governed in the question of costs by Id. §§ 1835, 1836. Id. § 1835, provides that costs shall not be awarded against an executor or administrator in case of a judgment for a sum of money only, except as provided in section 1836, which provides that if, after a claim is properly presented within the time noticed, its payment is unreasonably resisted or neglected, the court may award costs against the executor or administrator, and that, where the action is brought in the supreme court, the facts must be certified by the judge or referee before whom the trial took place. Id. § 3248, provides that if, on the trial of an action, any fact appears whereby either party becomes entitled to costs, the referee must, on application, either before or after report, make a certificate stating the fact, which shall be the only competent evidence before the taxing officer. *Held,* that a referee appointed to determine a disputed claim, having filed his report, may properly later make a certificate entitling claimant to costs.

Action by John Brainerd against Amanda M. De Graef and others, executors of the estate of Henry P. De Graef. Motion that taxation of costs be vacated. Denied.

Julius H. Seymour, for plaintiff.

Hatch & Wickes, for defendants.

SCOTT, J. This motion involves the right of the plaintiff to tax costs upon a favorable report of a referee appointed under section 2718, Code Civ. Proc., to determine a disputed claim against the estate of Henry P. De Graef, deceased. As is usual in such cases, there were no pleadings. The referee filed his decision on July 27, 1899, directing judgment in favor of the plaintiff, but made no mention of costs. On September 1st he made a certificate that the claim had been presented to the executors within the time limited° by a notice published as prescribed by law requiring creditors to present their claims, and that the payment thereof was unreasonably resisted or neglected, and that, in his opinion, costs should be awarded to the plaintiff against the defendants. The plaintiff, after two unsuccessful motions, not affecting the question here, noticed his costs and disbursements for taxation before the clerk, who, against the objection of defendants, taxed the costs as presented, and entered judgment in favor of the plaintiff for the amount found by the referee to be due, and for the costs as taxed. The defendants, having duly excepted to the taxation of the costs by the clerk, now move that the taxation be vacated, and the judgment be modified by striking out the amount of costs therein included. The decision of the motion turns upon the question whether the referee had power, after the rendition of the report, to make an effectual certificate entitling the plaintiff to costs. The defendants do not question the right

of the plaintiff to costs if the referee had incorporated in his report
the necessary certificate of facts, and had therein awarded costs
to the plaintiff, but they insist that, as soon as the report had been
delivered, he became functus officio, and no longer had authority
to make any effective certificate or order in the case. To support
this view, reference is made to Bank v. Levy, 41 Hun, 461, where
the court refused to send a report back to a referee in order that he
might make a direction as to costs, which he had inadvertently omit-
ted in the report as rendered. This case, however, has no applica-
bility to the present motion, because it was an action in equity, in
which the award of costs rested in the discretion of the referee. In
the present action the question of costs is a matter of right, and not
of discretion. All the referee can do is to find and certify the facts as
to unreasonable resistance or neglect, and as he finds that fact one
way or the other the statute allows or withholds costs. Section
2718, Code Civ. Proc., under which the claim in suit was referred, dis-
tinctly provides that such a proceeding as this is an action in this
court. Its language is:

"On filing such agreement and approval in the office of the clerk of the
supreme court in the county in which the parties or either of them reside, an
order shall be entered by the clerk referring the matter in controversy to the
person or persons so selected. On the entry of such order the proceedings shall
become an action in the supreme court; the same proceedings shall be had,
in all respects the referee shall have the same powers, be entitled to the same
compensation and subject to the same control as if the reference had been made
in an action in which such court might by law direct a reference. In deter-
mining the question of costs the referee shall be governed by sections 1835
and 1836 of this act."

It has been repeatedly held that the purpose and effect of this sec-
tion is that the proceeding, after reference, is to be treated and con-
sidered as an action in the supreme court, and that the successful
party is entitled to costs, the same as in an action in that court:
provided that, if the successful party be the claimant, the fact shall
appear that the payment of the claim was unreasonably resisted or
neglected. Winne v. Hills, 91 Hun, 90, 36 N. Y. Supp. 683; Adams
v. Olin, 78 Hun, 311, 29 N. Y. Supp. 131. Section 1836, Code Civ.
Proc., referring to actions upon claims against decedents' estates,
provides that, if the claim be seasonably presented to the executors,
and it appears that "the payment thereof was unreasonably resisted
or neglected, or that the defendant did not file the consent provided
in section 1822 at least ten days before the expiration of six months
from the rejection thereof, the court may award costs against the
executor or administrator, to be collected, either out of his individual
property or out of the property of the decedent, as the court directs,
having reference to the facts which appear on the trial. Where the
action is brought in the supreme court the facts must be certified by
the judge or referee before whom the trial took place." It will be
noted that this section provides that "the court may award costs,"
but the word "may," as thus used, is to be construed as "shall."
Carter v. Barnum, 24 Misc. Rep. 220, 53 N. Y. Supp. 539. It has also
been held that, although section 1836, read alone, would apparently
give power to the court alone to award costs, yet that it must be read

in conjunction with section 2718, and, being so read, confers power upon a referee to award costs against an executor on a referred claim. Fisher v. Bennett, 21 Misc. Rep. 178, 47 N. Y. Supp, 114. I think that it is quite clear from the language of the Code, and from the decisions of the courts bearing on the question, that a successful claimant against an executor or administrator, whose claim has been referred under section 2718, is entitled to costs as in an action as a matter of right, if in fact the payment of his claim has been unreasonably resisted or neglected, and that the evidence of that fact is the certificate of the referee to whom the claim is referred.

The next question is whether such certificate must be incorporated in the report, or may be separately made. The language of section 1836 does not, in terms, require that the certificate of the judge or referee shall be incorporated in his report or decision, and would, indeed, better bear the construction that it should be contained in a separate document; and the cases appear to support this construction. Doubtless, the referee might, if he saw fit, incorporate a certificate in his report; but he is not, I think, bound to do so. The only requisite of the statute is that he shall make such a certificate; and, whether he make it as a part of the report or independently, he is acting within the power expressly conferred upon him by the Code. In Carter v. Beckwith, 104 N. Y. 236, 10 N. E. 350, costs were allowed to a plaintiff upon a separate certificate of the referee as to the necessary facts. If, then, the plaintiff in such a case as the present is entitled to costs, as a matter of right, upon the certificate of the referee as to the requisite facts, and if that certificate may be made separately from the report, the sole question remaining is whether or not the referee may make such certificate after he has rendered his report. Section 3248, Code Civ. Proc., provides as follows:

"Where, upon the trial of an action, the title to real property comes in question, or any other fact appears, whereby either party becomes entitled to costs, or to the increased costs specified in section three thousand two hundred and fifty-eight of this act, the judge presiding at the trial, or the referee, must, upon the application of the party to be benefited thereby, either before or after the verdict, report, or decision is rendered, make a certificate, stating the fact. Such a certificate is the only competent evidence, as to the matter, before the taxing officer."

It is difficult to see why this section does not apply to the certificate upon which the taxing officer acted in the present case. The fact which determined the plaintiff's right to costs was the unreasonable resistance or neglect by the defendants. By section 1836 the referee was expressly authorized to pass upon that fact, and, as evidence of his finding therein, to make a certificate. This certificate, being as to a fact the existence of which entitles the plaintiff to costs, answers precisely the description of the certificate which, by section 3248, the referee is expressly empowered to make either before or after his report. The clerk was right in taxing the costs, and including them in the judgment. The motion must accordingly be denied, with $10 costs.

Motion denied, with $10 costs.