LAMPHERE v. LAMPHERE. (Supreme Court, Special Term, Madison County. January 25, 1900.) Action by De Vere Lamphere against Alice D. Lamphere, as administratrix with the will annexed of the estate of Burr W. Lamphere, deceased. From a retaxation of costs in defendant's favor, plaintiff appeals. Denied. E. S. More, for plaintiff. J. J. L. Baker (C. A. Hitchcock, of counsel), for defendant.

FORBES, J. This is an appeal for a new taxation of costs. The action was for services rendered to the testator from September 11 to October 13, 1898. The plaintiff presented to the defendant, as administratrix, a duly-verified claim for $48. This claim was rejected in writing, and an offer to refer was made by the defendant. This proceeding was duly commenced on a stipulation signed by both parties and an order duly filed; the surrogate of the county of Madison having approved of the agreement and the reference made to Charles Kellogg, Esq., as the sole referee. After taking the proofs, a report was made in favor of the plaintiff for

$46.50; the referee finding an over-charge or a miscalculation of one day's work, at $1.50 per day. The referee, however, awarded costs to the defendant,—I think on the theory that the plaintiff's recovery was less than $50. The costs were taxed at $67, and as taxed in the judgment, in favor of the defendant, were offset against the plaintiff's recovery; and thus an affirmative judgment was rendered in favor of the defendant for $20.50. Objections to said taxation were duly made and filed by the plaintiff. On retaxation, the county clerk, against the objections of the plaintiff, retaxed the costs in favor of the defendant. From that taxation this appeal is taken. As an original proposition, it seems to me that costs ought not to have been allowed by the referee against the plaintiff. He succeeded in the action. The defendant did not succeed in defeating his claim. Adams v. Olin, 78 Hun. 309, 29 N. Y. Supp. 131; Henning v. Miller, 83 Hun, 403, 31 N. Y. Supp. 878. Nor do I think, from the facts and circumstances of the case, in the absence of a certificate by the referee that the claim was unreasonably resisted or neglected, that costs should be taxed in favor of the plaintiff. The defendant claims that, under subdivision 5, § 2863, Code Civ. Proc., as amended in 1895, the action ought to have been brought in justice's court, and, the plaintiff recovering less than $50, and therefore having no right to costs against the defendant, that the defendant is entitled to costs, under sections 3228, 3229, Id. Let us examine these sections carefully, to see whether this construction is warranted. In an action costs are given to the plaintiff of course by subdivision 3, § 3228, Code Civ. Proc., except as that subdivision is modified by section 2718 and section 2863, subd. 5. Subdivision 4 of section 3228 does not apply to subdivision 3 of the same section, but excepts it from its operation. See Code Civ. Proc. § 3228, subds. 3, 4. That being so, if this is to be treated as an action, the plaintiff would be entitled to costs, except for the modification found in sections 2718 and 2863. The last clause of subdivision 4, § 3228, reads as follows: "But the plaintiff is not entitled to costs under this subdivision unless he recovers the sum of $50 or more." This provision is not made to apply to subdivision 3 of the same section; nor is it, in terms, made to apply to subdivision 5 of section 2863. Does this action fall within section 3229, entitling the defendant to costs of course? The first clause of this section reads as follows: "The defendant is entitled to costs of course upon the rendering of final judgment, in an action specified in the last section, unless the plaintiff is entitled to costs, as therein prescribed." This provision clearly relates to the contingency provided for in subdivision 4 of the preceding section, and does not relate to subdivision 5 of section 2863. If defendant's contention is the law of this state, then there is no longer any such thing as an inexpensive method by stipulation, in these proceedings, of adjusting disagreements of this character. This seems to have been the original intention of the statute. Francisco v. Fitch, 25 Barb. 130; Skidmore v. Post, 32 Hun, 58. Both legal and equitable claims are still submitted to and passed upon by the referee, under a provision for stipulation, consent, and order duly entered. Code Civ.

Proc. § 2718; Van Slooten v. Wheeler, 76 Hun, 55, 27 N. Y. Supp. 666; Rutherford v. Soop, 85 Hun, 119, 32 N. Y. Supp. 636; In re Zinke, 90 Hun, 127, 35 N. Y. Supp. 645; Fowler v. Hebbard, 40 App. Div. 108, 57 N. Y. Supp. 531. I do not believe that sections 2863 and 3229 apply to this case. There are still four methods, any one of which may be pursued, where the amount sought to be recovered is less than $50. First. On the rejection of a claim by the administratrix, an action could have been brought under section 2863, subd. 5, and the claim could have been determined in justice's court. Second. Had the claim been rejected without an offer to refer, an action could have been brought in the supreme court, and then sections 2863 and 3228 might have been made to apply, unless the facts on the trial showed that there had been an unreasonable resistance of the claim, in which case the plaintiff might have recovered costs against the defendant, had the referee so determined. The mere rejection of a claim furnishes no evidence on the subject of a reference, nor of the willingness of the defendant to refer. Code Civ. Proc. § 2718; Adams v. Olin, 78 Hun, 309, 29 N. Y. Supp. 131; Henning v. Miller, 83 Hun, 403, 31 N. Y. Supp. 878 (following Ehrenreich v. Lichtenberg, 29 Misc. Rep. 305, 60 N. Y. Supp. 513, Proude v. Whiton, 15 How. Prac. 304, and Stephenson v. Clarke, 12 How. Prac. 282); Brainard v. De Graef, 29 Misc. Rep. 560, 61 N. Y. Supp. 953. Third. Where the claim has been rejected, with an offer to refer, but not accepted by the claimant, within 10 days before the expiration of the 6 months in which claims might be presented, the administratrix has the right to file her consent that the claim may be determined by the surrogate, upon a judicial settlement of her accounts. In this manner she may escape the payment of costs. Carter v. Barnum, 24 Misc. Rep. 220, 53 N. Y. Supp. 539, and authorities therein collated. The fourth method is the one pointed out by statute and adopted in the case at bar, viz.: The presentation of the claim; the rejection by the defendant, with an offer to refer. In this event, the parties must enter into a stipulation naming the referee, securing the consent of the surrogate, entering the proper order, and thus joining issues upon the claim. After that order is finally entered, the action becomes an action in the supreme court, and all the steps and proceedings, including the entry of judgment, conform to the practice in this court. Code Civ. Proc. § 2718; Rutherford v. Soop, 85 Hun, 119, 32 N. Y. Supp. 636; Winne v. Hills, 91 Hun, 89, 36 N. Y. Supp. 683; Hopkins v. Lott, 111 N. Y. 577, 19 N. E. 273; Hustis v. Aldridge, 144 N. Y. 508, 39 N. E. 649. This proceeding is not the commencement of an action in the supreme court, but the practice in such cases is as of the practice in the supreme court, and, I think, refers, not to the question of costs, but to the method of procedure in a reference to adjust legal and equitable claims against an estate. Rutherford v. Soop, 85 Hun, 119, 32 N. Y. Supp. 636; Shorter v. MacKey, 13 App. Div. 20, 43 N. Y. Supp. 112; Hustis v. Aldridge, 144 N. Y. 508, 39 N. E. 649. It is true that under the amendment of 1893 the referee has enlarged powers, and probably the power of a referee sitting in an action in the supreme court. Section 2718

provides that the referee shall have power to determine the question of costs against the estate, as provided in sections 1835 and 1836; but he is nowhere given the power to award costs in any other manner than that which is pointed out by sections 2718 and 1836, which have reference only to costs against the administratrix. Agar v. Tibbets, 56 Hun, 272, 9 N. Y. Supp. 591; Rutherford v. Soop, 85 Hun, 119, 32 N. Y. Supp. 636; Niles v. Crocker, 88 Hun, 312, 34 N. Y. Supp. 761; Whitcomb v. Whitcomb, 92 Hun, 443, 36 N. Y. Supp. 607; Hopkins v. Lott, 111 N. Y. 577, 19 N. E. 273; Benjamin v. Ver Nooy, 36 App. Div. 581, 55 N. Y. Supp. 796. This is a reference by consent, provided for by the statute, and I think is still intended to be a convenient and inexpensive method of settling the justice of a claim, and is left by the amendments undisturbed. How can equitable claims be adjusted in justice's court? The question of costs, in the absence of a certificate, is one for the court. The referee has no right to impose costs, because the claim was reduced $1.50. Dukelow v. Searles, 65 Hun, 625, 20 N. Y. Supp. 348. An order awarding costs to the administratrix, where she is not entitled to them, is reviewable in the court of appeals; and, if she is entitled to costs as matter of right, under section 3229, then it is unnecessary to award costs, since they are not discretionary. Hopkins v. Lott, 111 N. Y. 577, 19 N. E. 273; Winne v. Hills, 91 Hun, 89, 36 N. Y. Supp. 683; Brainerd v. De Graef, 29 Misc. Rep. 560, 61 N. Y. Supp. 953. There seems to be no adjudicated case reported squarely covering the question raised on this appeal. There are special term decisions, however, which seem to hold that the referee has power to fix the costs in certain cases, and therefore, if costs are improperly awarded, that an appeal must be taken from the judgment and determination of the referee on that subject. Fisher v. Bennett, 21 Misc. Rep. 178, 47 N. Y. Supp. 114; Jenkinson v. Harris, 27 Misc. Rep. 714, 59 N. Y. Supp. 548. I think this is the wiser course to pursue, since the appellate division must, on the appeal from the judgment, determine the question of the defendant's right to recover costs and the referee's power to award them. There being some doubt as to whether the special term has the power to overrule or interfere with the determination of the referee, since the appeal in this case is from that determination, I am inclined to deny the motion for a new taxation of costs, so that the whole question may be presented to the appellate division and disposed of there, since otherwise it might be held that the only way still left to review this taxation of costs in favor of the defendant is by an appeal to the special term of the supreme court. For these reasons, and to reach that end, the motion for a new taxation of costs is denied, but without costs to either party on this appeal.